OPINION OF THE COURT
Edward McLaughlin, J.
Defendants seek dismissal of the information charging them with the crimes of assault in the third degree, obstructing governmental administration and resisting arrest on the grounds that they have not received a speedy trial as required by CPL 30.30. Their motion requires a determination of the People’s obligations under Brady v Maryland (373 US 83) and People v Rosario (9 NY2d 286) as they relate to trial readiness.
The defendants were arrested on October 6, 1983. The incident allegedly involved injuries to one police officer and allegations of brutality on the part of police officers. The Transit Authority Police Department conducted an investigation which included interviews with five police officers who were present and seven bystanders. The identities of other civilians were discovered but those persons *799 did not respond to the police investigator’s communications. All interviews occurred between October 19, 1983 and December 7, 1983. The Transit Authority notified three of the bystander witnesses of the investigation’s results on December 16,1983. A report dated December 23, 1983, and approved on December 28, 1983, was prepared which found the allegations unsubstantiated.
During discovery proceedings each defendant requested, among other relief, all exculpatory material under Brady v Maryland (supra). The People’s reply, filed November 30, 1983, stated that they were unaware of any Brady material. The case was adjourned until December 15, 1983 for trial. On that date, the People answered not ready and the case was adjourned to January 4, 1984.
Prior to January 4,1984, the Assistant District Attorney (Assistant) prosecuting the case gave one defense attorney a copy of the December 23,1983 report which the Assistant had subpoenaed. On January 4,1984, the Assistant gave a copy to codefendant’s counsel. The Assistant did not have copies of the interviewer’s handwritten notes which, although subpoenaed, were not provided by the Transit Authority. The People answered ready. During colloquy that day the Assistant acknowledged that he had subpoenaed the handwritten notes, that the Transit Authority had not complied with that portion of the subpoena and that he anticipated experiencing a further delay, perhaps even beyond January 23, 1984, in obtaining the notes due to their “sensitive nature.”
On January 23, 1984, the parties adjourned the matter by consent to February 15, 1984. Thereafter the People were not ready until April 9, 1984. This motion followed.
Since the defendants are charged with class A misdemeanors and the case began on October 4,1983, the People must be ready for trial within 90 days of that date or January 6, 1984. (CPL 30.30, subd 1, par [b].) The Assistant announced ready on the record on January 4, 1984, the 88th day, as required. (People v Hamilton, 46 NY2d 932.) If the People could have answered ready legitimately on January 4, 1984, then they met their obligation under the statute. (People v Giordano, 56 NY2d 524.)
*800 Defendants contend that the People were not ready on January 4,1984, since they had not provided all the Brady material, namely the handwritten notes taken by the Transit Authority investigator. The defense position is that they must have had actual possession of Brady type material in this case before the People may answer ready legitimately. The defense assumption is incorrect.
The principal announced in Brady v Maryland (373 US, at p 87) was that “the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” The evil condemned was suppression of favorable evidence following a request by the defendant. Lest there be doubt about the decision’s meaning the Supreme Court reiterated it in Moore v Illinois (408 US 786, 794-795): “[t]he heart of the holding in Brady is the prosecution’s suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence’s favorable character for the defense, and (c) the materiality of the evidence.”
Interestingly, the Supreme Court has stated that, Brady v Maryland did not create discovery rights which did not exist previously. “There is no general constitutional right to discovery in a criminal case, and Brady did not create one” (Weatherford v Bursey, 429 US 545, 559). Brady guarantees a fair trial without requiring or creating formal pretrial discovery procedures to accomplish the disclosure of exculpatory evidence.*
*801 The parties concede that the interview notes are Brady material. The question, therefore, is when must that material be disclosed and what is the legal significance of the People’s not possessing those notes when they answered ready.
Since suppression is the prohibited evil, the prosecutor satisfies the disclosure obligation by revealing the favorable material in time for the defense to present it effectively for the jury’s consideration during trial. The court in United States v Kaplan (554 F2d 577), although disapproving a practice of delayed production, upheld a conviction where Brady material was disclosed during trial. The court stated “[i]f exculpatory evidence can be effectively presented at trial and the defendant is not prevented by lack of time to make needed investigation, there is no reversible prosecutorial conduct in ill-timed presentation” (p 580).
Clearly, the preferred practice is pretrial disclosure since delayed disclosure, during trial, may be so unfair as to occasion a mistrial, with a resultant double jeopardy dismissal, or a later reversal.
Here the prosecutor diligently fulfilled the Brady obligations by disclosing the character of the notes prior to trial, providing copies of the Transit Authority report and subpoenaing the interview notes. Having evaluated all the evidence, the District Attorney of New York County chose to proceed with the case and announced his readiness to do so. Defendants, of course, were entitled to investigate and evaluate the Brady material prior to trial and requested an adjournment to accomplish their appraisal.
CPL 30.30 is a readiness rule, rather than a mandate, that the trial actually occur within the statutory parameters; permitting the prosecution to announce readiness even though the prosecution anticipates the defense to request an adjournment is permissible in view of the rule’s purpose. (People v Brothers, 50 NY2d 413.) Construing this section the Court of Appeals said it is “a command that the People must be ready for trial rather than the defendant must be granted a trial within the prescribed period.” (People v Brothers, at p 418.)
Consequently, the People’s timely pretrial disclosure that exculpatory material existed and their efforts to ac *802 quire it, amply satisfied their Brady obligation. The prosecutor did not attempt to suppress any evidence. There was no surprise or disadvantage to the defendants. True, production of the full details of the material was delayed but that is insignificant to the Brady issue as the defendants could and did obtain postponements to prepare adequately for trial.
Resolving the Brady issue, however, does not determine the dismissal motion. The handwritten interview notes, as to the police witnesses, are also prior witness statements which must be made available to the defendants after the jury has been sworn. (People v Rosario, 9 NY2d 286, supra; CPL 240.45.) While the People need not call any of the civilian bystanders at trial, one or more of the police witnesses would be required for the trial to occur.
Ordinarily, the availability of Rosario material would not be the subject of a calendar inquiry since the People are presumed to be able to comply with all the Criminal Procedure Law’s requirements. Here, however, the record is clear that the People not only did not have the Rosario material in their possession but, more significantly, would not have had it had the trial proceeded in response to their answering ready. During the January 4, 1984 calendar appearance the Assistant candidly revealed the disquieting fact that the Transit Authority had dishonored the District Attorney’s subpoena. Furthermore, the Assistant doubted that the material would be available prior to January 23, 1984.
The District Attorney generally can obtain any evidence or Rosario material on very short notice when required for the trial of a specific case. The District Attorney possesses vast powers of subpoena and persuasion on which to rely. Here those resources where thwarted by the refusal to comply with the subpoena. The People therefore cannot have been ready on January 4, 1984 despite the diligent efforts of the Assistant assigned to the case.
Nor can the People contend that, since the defendants likely would have sought an adjournment for the Brady-Rosario material, the People’s obligation to transmit the material under Rosario at the beginning of a trial would have been satisfied since the defense would not wish to *803 proceed until they had received and investigated it as Brady material. Such claim would be unavailing as the People’s readiness obligation is not dependent on defendant’s action. (People v Hamilton, supra.) Also, the defendants in fact could have decided that they would benefit by an expeditious trial and not requested a delay.
The court concludes that the People were not ready on January 4, 1984. Consequentially, they did not meet their obligation under CPL 30.30. The case must, therefore, be and is dismissed.

 The New York Legislature sought to codify the prosecutor’s Brady obligation. (CPL 240.20, subd 1, par [g].) However, under Federal decisional law no requirement exists that Brady material always must be provided, in the words of the New York statute, before trial. True, that practice is strongly suggested and warnings about the potential consequences of misjudging the timing have been issued. But whether a defendant received a fair trial as a result of untimely disclosure, rather than whether suppressed material was in fact Brady material, depends on a case-by-case evaluation which the decisions say must be done in the light of the full trial record. (See, e.g., United States v Kaplan, 554 F2d 577; United States v Cobb, 271 F Supp 159, affd on other grounds 396 F2d 158.) CPL 240.20 (subd 1, par [g]) provides little assistance in resolving this case.