OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree. Before trial, the court issued a ruling precluding the People from introducing evidence of any "transactions” other than the two charged drug sales. At trial, a police officer testified that four individuals approached defendant after the charged sales occurred and that he observed "some hand movement” but "couldn’t really see what was going on other than they were right around him.” Defendant made a motion for a mistrial, which the court denied. However, the court stated that its
 
 in limine
 
 ruling, which it acknowledged was ambiguous, had been intended to exclude testimony of hand motions. The court then asked defendant if he wanted the jury to be given a limiting instruction on uncharged crimes, which defendant declined based on his concern that the instruction would highlight the officer’s testimony.
 

 In summation, defense counsel confronted the officer’s testimony relating to the four individuals who approached defendant by asking, "Isn’t it entirely possible what [the officer] saw is people putting change in [defendant’s] cup, somebody giving him a box of cookies so he had something to eat all of which is non-criminal behavior?” During the People’s summation, the prosecutor retorted, "|T]f you want to speculate about
 
 *840
 
 whether people were giving [defendant] change, you could also speculate that he was giving those people vials of crack, cocaine * * * gut I suggest to you there is no need for you to speculate about either because it is not about the four people surrounding him. It’s about two counts of sale that the People have proven beyond a reasonable doubt”.
 

 Thereafter, during the court’s instructions to the jury, the Trial Judge stated: “I also wish to point out to you that during the testimony in this case there may have been some allusions to or inferences that something may have happened before the two sales that were pointed out in the way of other illegal conduct or even after the two sales were concluded. Keep in mind there are only two allegations here of sales that you must consider. There are no other allegations of any sales either before or after. You should not consider even the possibility that there was.”
 

 Defendant’s principal argument on appeal is that the trial court, by giving the limiting instruction on uncharged crimes without defendant’s authorization, abridged his “right to chart his own defense” (see,
 
 People v DeGina,
 
 72 NY2d 768, 776). However, after the court completed the charge to the jury, defense counsel stated: “The only thing I want to object to is I thought we weren’t going to give any charge or say anything about the four or five individuals. You highlighted * * *. In my opinion, you did highlight it. I just wanted to bring it to your attention. Now, the motion for a mistrial was denied, and the charge brings up the whole issue again.” By simply repeating the objection that an instruction on uncharged crimes would highlight the officer’s testimony, defendant did not preserve for this Court’s review the distinct argument now made on appeal that the trial court usurped his right to chart his own defense
 
 (see,
 
 CPL 470.05 [2];
 
 People v Nucele,
 
 57 NY2d 818, 819).
 

 Defendant’s remaining argument, that he was unduly prejudiced by the officer’s testimony relating to “hand movement,” is without merit. Even if the officer’s testimony contravened the court’s ambiguous pretrial ruling excluding evidence of “transactions,” its admission was harmless. The officer’s testimony of observed hand movement was equally consistent with the defense position that defendant was engaged in the innocent activity of panhandling, which was also supported by the testimony at trial that defendant, at the time of his arrest, had in his hands a box of cookies and a cup of change.
 

 
 *841
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.