■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CZARNECKI, Appellant. [692 NYS2d 531] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminally negligent homicide (Penal Law § 125.10), two counts of assault in the third degree (Penal Law § 120.00 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and two other motor vehicle violations arising from defendant's failure to stop at a stop sign. Defendant's vehicle collided with another vehi-

cle, killing the driver and injuring the two passengers. A blood test taken approximately 1½ hours after the accident revealed that defendant's blood alcohol content was .08%. A pharmacologist who testified on behalf of the People opined that defendant's blood alcohol content at the time of the collision would have been between .09 and .12%.

Supreme Court properly admitted evidence concerning defendant's activities in the 24-hour period preceding the accident, i.e., that defendant drank heavily during that period, ate little and had interrupted sleep. That evidence was relevant to the issues whether defendant engaged in a course of conduct that created a risk of death that he failed to perceive, and whether that failure constituted a gross deviation from reasonable care (*see, People v Boutin,* 75 NY2d 692, 696).

By failing to object to the court's supplemental charge on criminal negligence, defendant failed to preserve for our review his present argument that the supplemental charge permitted the jury to convict defendant based solely on the occurrence of the accident (*see, People v Robinson,* 88 NY2d 1001, 1001-1002; *see also, People v McCall,* 88 NY2d 838, 840). Reversal is not warranted as a matter of discretion in the interest of justice because the charge as a whole adequately explained the concept of criminal negligence (*see, People v Ladd,* 89 NY2d 893, 895). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.— Criminally Negligent Homicide.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.