■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MOTHON, Appellant. [729 NYS2d 541] —Mugglin, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 11, 1999, upon a verdict convicting defendant of the crime of assault in the second degree.

On January 22, 1998, defendant was sitting inside his vehicle in a parking lot of a convenience store when he was questioned by Thomas Shear about compact discs that defendant had borrowed but had not returned. Several witnesses testified that defendant then threatened Shear with a knife and, although unarmed, Shear challenged defendant to a fight. Although no fight ensued, Shear left and solicited the assistance of his cousin, Roger Sherman, Jr. When Shear and Sherman returned to the parking lot, Sherman confronted defen-

dant who had earlier exited his vehicle and was talking to the occupant of another vehicle. A fight ensued between defendant and Sherman that ended when Sherman collapsed to the ground bleeding from stab wounds to his abdomen, face and left eye. Defendant's principal defense to the 15-count indictment was justification. Defendant was ultimately convicted by a jury of one count of assault in the second degree based upon the reckless infliction of injury to Sherman. He was thereafter sentenced to a term of imprisonment of $2\frac{1}{2}$ to 5 years, and now appeals.

Defendant's first contention is that County Court erred in refusing his request to charge justification under Penal Law § 35.15 (1) involving the use of ordinary physical force. County Court instead charged justification with respect to the use of deadly physical force under Penal Law § 35.15 (2). Specifically, defendant argues that whether he used the knife as a deadly weapon, thereby constituting the use of deadly physical force, is a factual issue to be resolved by the jury and that the failure to charge as requested constitutes error as a matter of law.

As a general proposition, a justification charge is proper when, viewing the evidence in the light most favorable to the defendant, the jury, based upon a reasonable view of the evidence, could find that the defendant's acts were justified (see, *People v Padgett*, 60 NY2d 142, 144-145; *People v Ellis*, 233 AD2d 692). However, the particular justification instruction given to the jury must be consistent with the facts and, where it can be determined as a matter of law that the physical force used by the defendant was "in fact, 'deadly', that is, 'readily capable of causing death or other serious physical injury,'" the trial court may limit the justification instruction to authorizing the use of deadly physical force (*People v Jones*, 148 AD2d 547, 549, quoting Penal Law § 10.00 [11]).

Here, it is not disputed that defendant used his knife to inflict injury to Sherman. Clearly, defendant's use of a knife constitutes the use of deadly physical force as a matter of law (see, *People v Davis*, 118 AD2d 206, *lv denied* 68 NY2d 768). Thus, County Court properly denied defendant's request to charge justification through the use of ordinary physical force. Moreover, defendant's argument that he did not intend to use the knife in a deadly manner is irrelevant. The focus of the use of deadly physical force is upon the risk of serious injury or death and, therefore, the mens rea associated with defendant's conduct is not germane (see, *People v Magliato*, 68 NY2d 24, 29).

Next, we find no merit to defendant's contention that the

People failed to meet their burden of disproving the defense of justification beyond a reasonable doubt. Pursuant to Penal Law § 35.15, a person's use of physical force, which would otherwise be criminal, is not criminal if used to defend oneself (*see, People v McManus*, 67 NY2d 541, 545). However, the degree of force permissible is dependent upon the degree of force reasonably believed necessary to repel the attack (*see, Matter of Y. K.*, 87 NY2d 430, 433). It is not disputed that, during the fight, defendant used the knife, a dangerous instrument, against an unarmed individual. Although there were conflicting accounts concerning the circumstances which preceded the stabbing of Sherman, it is the function of the jury to determine the credibility of the witnesses and resolve conflicting evidence and the inferences and conclusions to be drawn therefrom (*see, People v Young*, 240 AD2d 974, 975, *lv denied* 90 NY2d 1015). Accordingly, the jury was free to credit those witnesses who testified that defendant threatened to stab both Sherman and Shear before the actual altercation commenced, even though defendant denied making these threats. Likewise, the jury was free to accept Sherman's testimony that defendant started the altercation by punching him in the stomach, and to reject defendant's claim that Sherman began the altercation by grabbing him by the throat and, since defendant is an asthmatic and could not breathe, he began to swing wildly with the knife. We find no reason to disturb the jury's conclusion that the People sustained their burden of disproving the justification defense beyond a reasonable doubt (*see, People v Fernandez*, 135 AD2d 867, *lv denied* 71 NY2d 895).

Next, we address defendant's claims that reversible error occurred with respect to several evidentiary rulings. First, we find no merit to defendant's contention that a two-day gap between the fight and the retrieval of some of Sherman's clothing renders the clothing inadmissible. Any delay in the retrieval of such clothing or deficiencies in the chain of custody thereof go to the weight of the evidence to be given by the jury and not its admissibility (*see, People v Waite*, 243 AD2d 820, 823, *lv denied* 91 NY2d 931; *People v Pearson*, 224 AD2d 779, *lv denied* 88 NY2d 940). Next, we find no error in the curtailment of defendant's cross-examination of Sherman. It is well settled that the scope and extent of cross-examination is within the sound discretion of the trial court and will not be disturbed absent abuse or injustice (*see, People v Sorge*, 301 NY 198, 202). After carefully considering those areas of defendant's cross-examination precluded by County Court with respect to Sherman, we find no abuse of discretion (*see, People v Yusufi*,

247 AD2d 648, 650, *lv denied* 92 NY2d 863). Additionally, with respect to defendant's claim that his direct examination of his expert witness was curtailed, the record reveals that the expert witness did testify on the subject initially precluded by County Court. Thus, defendant's present contention that the expert medical witness was precluded from his testimony regarding defendant's asthma attack is patently without merit.

As a final matter, we reject defendant's contention that the sentence imposed was harsh and excessive. Initially, we observe that the sentence is well within the permissible statutory parameters. Thus, on its face, the sentence is not harsh and excessive (*see, People v Hart*, 266 AD2d 584, 586, *lv denied* 94 NY2d 903). Moreover, the sentence imposed is less than that recommended in the presentence report and less than the sentence sought by the People. We have examined the balance of defendant's contentions concerning the information in the presentence report and find them equally unpersuasive.

Mercure, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).