■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIF ABDUL-KHALIQ, Appellant. [841 NYS2d 551]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered June 10, 2004, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant slashed his victim's face with a razor, causing an injury that required 31 stitches, and his intent to cause serious physical injury could be readily inferred from his actions (*see People v Getch*, 50 NY2d 456, 465 [1980]; *People v Walker*, 30 AD3d 215 [2006], 7 NY3d 796 [2006]).

Defendant's challenges to the court's conduct of the trial are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that most of the court's questioning of defendant constituted proper efforts at clarification. While some of the court's questions were inappropriate, the jury was not prevented from arriving at an impartial judgment on the merits (*see People v Moulton*, 43 NY2d 944 [1978]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic reasons, if any, for not cross-examining the victim about his intent to file a civil action against defendant and against the owner of the premises on which the crime took place, and for not objecting to the court's above-discussed conduct (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Were we to find that counsel should have taken the actions suggested by defendant on appeal, we would find that his failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.