■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CRUZ, Appellant. [851 NYS2d 157]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered May 26, 2005, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him to concurrent terms of 15 years and 7 years, unanimously affirmed.

The court properly replaced a sick juror with an alternate over defendant's objection. At the commencement of trial, a sworn juror called in to indicate that he was sick. The court informed the parties that the juror sounded over the phone as though he was quite ill, with flu-like symptoms. Counsel objected that there was an insufficient basis to conclude that the juror could not become available in a "reasonable time," but made no objection to the extent of the court's inquiry or suggestions for further inquiry. Accordingly, defendant did not preserve his present challenge to the thoroughness of the inquiry (*see People v Danton*, 27 AD3d 354 [2006], *lv denied* 7 NY3d 754 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court had a sufficient basis to conclude that the juror's absence would delay the trial by at least the statutory two hours (CPL 270.35 [2] [a]). Therefore, the court had discretion to replace him, and was under no obligation to delay the trial in hopes that he might have a speedy recovery (*see People v Jeanty*, 94 NY2d 507, 517 [2000]). Moreover, it would have made no sense to risk the possibility that the juror might infect other jurors (*see People v Neal*, 294 AD2d 869 [2002], *lv denied* 98 NY2d 700 [2002]; *People v Miranda*, 223 AD2d 728, 729 [1996], *lv denied* 88 NY2d 882 [1996]).

Defendant did not preserve his claim that the court's failure to accept his guilty plea during trial violated his statutory right (CPL 220.10 [2]; 220.60 [1]) to plead guilty to the indictment (*see People v Mitchell*, 39 AD3d 375 [2007], *lv denied* 9 NY3d 867 [2007]), and we decline to review it in the interest of justice. As an alternative holding, we find that there is no indication on the record that defendant ever offered to plead guilty, unconditionally, to the entire indictment. Instead, the transcript suggests, at most, that during trial defendant unsuccessfully sought to reopen plea negotiations.

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.