■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN WEBB, Appellant. [874 NYS2d 472]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., on dismissal motions; James A. Yates, J., at jury trial and sentence), rendered August 16, 2006, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 11 years, unanimously affirmed.

The court properly declined to dismiss the indictment based on alleged deprivation of the right to testify before the grand jury, and alleged ineffective assistance of counsel in that regard. The People's written notice to defense counsel of the date and time of the grand jury proceedings sufficiently complied with CPL 190.50 (5) (b), and service upon defendant personally was not required (*People v Helm*, 51 NY2d 853 [1980]; *see also People ex rel. Knowles v Smith*, 54 NY2d 259, 266 [1981]; CPLR 2103 [b]). Defense counsel's failure to effectuate defendant's request to testify does not, by itself, constitute ineffective assistance of counsel warranting dismissal of the indictment (*see People v Simmons*, 10 NY3d 946, 949 [2008]; *People v Wiggins*, 89 NY2d 872 [1996]). Defendant made no showing that his appearance before the grand jury would have altered the result (*People v Sutton*, 43 AD3d 133, 136 [2007], *lv denied* 9 NY3d 1010 [2007]). Even if defendant had testified along the lines of his statement to the police, there is no reason to believe the grand jury would have credited that testimony.

The trial court, after ascertaining on the record that the pos-

sibility that a sworn juror may have had a casual encounter with the prosecution's main witness seven or eight years before the trial did not bias the juror, properly determined that the juror was not grossly unqualified to continue serving (*see* CPL 270.35 [1]; *People v Condes*, 23 AD3d 1149, 1150 [2005], *lv denied* 6 NY3d 774 [2006]). Defendant's request to replace the juror did not preserve his distinct argument that the trial court should have conducted a further inquiry (*see People v Cruz*, 48 AD3d 205 [2008], *lv denied* 10 NY3d 957 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, because the court's inquiry was sufficient. The juror's possible contact with the witness was so fleeting that the juror was not even sure that the witness was the same person she recalled meeting once, many years before. This fell far short of an acquaintance or relationship between the two.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Gonzalez, Moskowitz and Renwick, JJ.