■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE J. FISHER, Appellant. [932 NYS2d 218]—

Peters, J.

Defendant was charged with assault in the second degree stemming from an incident during which he inflicted multiple stab wounds upon his mother's then-boyfriend, George Wilson. The trial evidence established that, during the early morning hours of October 25, 2008, a number of individuals were consuming alcohol at the apartment shared by defendant and his mother, Dorothy Jean Moye. At some point, Moye and Wilson began arguing and Wilson physically assaulted Moye. The police were called and, upon their arrival, Wilson was instructed to leave the apartment. Undaunted, Wilson returned shortly thereafter and, according to defendant and his girlfriend, Ashley Munson, began brandishing knives and making threatening statements towards them. After discarding the knives, Wilson went into Moye's bedroom where he again engaged in a verbal and physical altercation with her. Defendant and his brother, Donielle Fisher, then proceeded to enter the bedroom and confront Wilson. During the confrontation, Fisher struck Wilson in the head with a baseball bat, causing a large gash upon Wilson's forehead that resulted in a substantial amount of blood. Wilson left the apartment following this incident, but returned yet again. While Wilson was in the bedroom with Moye, defendant and Fisher retrieved knives from the kitchen and entered the bedroom to again confront Wilson. It was during this confrontation that defendant repeatedly stabbed Wilson.

Following a jury trial, defendant was found guilty of assault in the second degree and sentenced to a prison term of four years, to be followed by five years of postrelease supervision. He was also ordered to pay restitution in the amount of $3,448.86 for Wilson's medical expenses, but this amount was subse-

quently reduced by County Court to $671.50. Defendant appeals.

Defendant claims that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, specifically arguing that the proof did not support a finding that Wilson suffered a physical injury and that the People failed to disprove the defense of justification beyond a reasonable doubt. His challenge to the legal sufficiency of the evidence is unpreserved for our review inasmuch as he presented evidence after his unsuccessful motion to dismiss and failed to renew the motion at the close of all proof (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Dancy*, 87 AD3d 759, 760 [2011]; *People v Vargas*, 72 AD3d 1114, 1116 [2010], *lv denied* 15 NY3d 758 [2010]). Since defendant also attacks the verdict as against the weight of the evidence, we will consider his arguments in the context of that review.

Physical injury is an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "A variety of factors are relevant in determining whether physical injury has been established, including the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment" (*People v Dixon*, 62 AD3d 1036, 1039 [2009], *lv denied* 12 NY3d 914 [2009] [internal quotation marks and citation omitted]; *accord People v Dove*, 86 AD3d 715, 716 [2011]). Here, defendant stabbed Wilson approximately 13 times in various areas around his back, shoulder, arm and head, with the force of the blows causing the blade of the knife to bend. Following the incident, Wilson walked to the hospital where his wounds were treated and he was prescribed pain medication. Although he ultimately refused further treatment and left the hospital later that morning, Wilson explained that he did so because he did not have insurance and could not afford to incur any further medical bills. He described continuing pain in his chest and arms that lasted for approximately one month and made it difficult to move, rendering him unable to work and perform certain routine activities, such as dressing himself. He testified further that, at the time of trial, he continued to experience pain in his shoulder due to the scar tissue that had formed from the stab wounds. Based on this proof, we are satisfied that the weight of the evidence supports the jury's finding that Wilson suffered a physical injury (*see People v Perser*, 67 AD3d 1048, 1049 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Dixon*, 62 AD3d at 1039; *People v Rivera*, 42 AD3d 587, 588-589 [2007], *lv denied* 9 NY3d 880 [2007]).

We next address defendant's assertion that the People failed to disprove the defense of justification. Use of deadly physical force is justified when, as relevant here, a defendant reasonably believes that such force is necessary to prevent or terminate a burglary of his or her dwelling or to protect against the use or imminent use of deadly physical force (*see* Penal Law § 35.15 [1], [2] [a], [c]; § 35.20 [3]; *People v Scharpf*, 60 AD3d 1101, 1102 [2009], *lv denied* 13 NY3d 862 [2009]). "Evaluation of the actor's belief 'requires a determination of reasonableness that is both subjective and objective . . . The critical focus must be placed on the particular defendant and the circumstances actually confronting him at the time of the incident, and what a reasonable person in those circumstances and having defendant's background and experiences would conclude' " (*People v DiGuglielmo*, 75 AD3d 206, 215 [2010], *affd* 17 NY3d 771 [2011], quoting *People v Wesley*, 76 NY2d 555, 559 [1990]; *see People v Goetz*, 68 NY2d 96, 114-115 [1986]).

Here, Wilson testified that he did not possess any weapons upon his final entry into the apartment and that he only returned in order to gather his belongings and seek assistance getting to the hospital for the head injuries that he sustained from being struck with the baseball bat by Fisher. Munson's testimony was confirmatory. Moreover, according to both Wilson and Munson, Wilson was speaking with Moye in the bedroom when defendant and Fisher appeared at the doorway with knives. Both further explained that, although Moye put her hands across the doorway and instructed the two that "everything is fine" and she would "handle it," defendant and Fisher pushed Moye aside and entered the room. Wilson testified that he stumbled and fell to the ground as he was backing up out of fear, after which both defendant and Fisher got on top of him and began stabbing him. He stated that he did not threaten them prior to the attack nor did he make any movements towards an object that could be used as a weapon. Defendant, on the other hand, testified that when he and Fisher entered Moye's bedroom and instructed Wilson to leave, Wilson took an "aggressive posture" towards him as if he was going to attack, at which point defendant pulled a knife out of his back pocket. On cross-examination, defendant conceded that he never saw a weapon or dangerous instrument in Wilson's possession and that Wilson was not reaching for anything in the room that could be used as a deadly weapon. According to defendant, Wilson then grabbed ahold of him and a struggle ensued, during the course of which he stabbed Wilson.

Evaluating all of the evidence in a neutral light and according

due deference to the jury's credibility assessments (*see People v Terry*, 85 AD3d 1485, 1487 [2011]; *People v Mothon*, 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001]), we conclude that the jury's rejection of the justification defense was not against the weight of the evidence. Notwithstanding the evidence of Wilson's prior violent conduct towards defendant and the events that transpired throughout the day of the incident, there was ample support—including defendant's own description of Wilson's conduct prior to the stabbing—for the jury to conclude that it was not reasonable for defendant to believe that, during the time frame in question, Wilson was about to use deadly physical force against him (*see People v Newman*, 26 AD3d 589, 591 [2006], *lv denied* 7 NY3d 815 [2006]; *People v Terk*, 24 AD3d 1038, 1039 [2005]; *People v Mothon*, 284 AD2d at 570; *People v Torres*, 252 AD2d 60, 65 [1999], *lv denied* 93 NY2d 1028 [1999]). That is, even if defendant subjectively believed that the use of deadly physical force was imminent, the weight of the evidence supports the conclusion that such belief was not objectively reasonable under the circumstances. Furthermore, considering the testimony that Wilson was not argumentative but, rather, was requesting assistance to get to the hospital upon his final entry into the apartment, the jury's rejection of the justification defense as it related to preventing or terminating a burglary was not contrary to the weight of the evidence (*see People v Cox*, 92 NY2d 1002, 1005 [1998]; *People v White*, 75 AD3d 109, 118-119 [2010], *lv denied* 15 NY3d 758 [2010]; *People v Levy*, 186 AD2d 66, 67 [1992], *lv denied* 80 NY2d 975 [1992]).

Defendant next raises a number of challenges to County Court's jury instructions on the defense of justification. First, with respect to that portion of the charge relating to the use of deadly physical force to prevent a burglary, defendant argues that the court improperly limited the jury's consideration to whether Wilson entered the home to commit an assault. We disagree. While a court must provide a justification instruction when, viewing the evidence in the light most favorable to the defendant, there is any reasonable view of the evidence to support the defense (*see People v Padgett*, 60 NY2d 142, 144-145 [1983]; *People v Curry*, 85 AD3d 1209, 1211 [2011], *lv denied* 17 NY3d 815 [2011]), it is equally true that "the particular justification instruction given to the jury must be consistent with the facts" (*People v Mothon*, 284 AD2d at 569). Here, the theory of the defense, as made clear by defendant's testimony and propounded by counsel during his opening and closing statements, was that Wilson entered the apartment with the intent to commit an assault upon one or more of its occupants. As County Court noted, there is no reasonable view of the evidence

that Wilson entered defendant's home to commit any crime other than an assault. Thus, under the facts and circumstances of this case, we discern no error in County Court's instruction in this regard. The remaining challenges raised to the court's justification instruction are not preserved for our review (*see People v Brunson*, 68 AD3d 1551, 1553 [2009], *lv denied* 15 NY3d 748 [2010]) and, in any event, are without merit.

We are similarly unpersuaded by defendant's contention that he was denied the effective assistance of counsel. Defendant faults counsel for failing to object to a comment made by the prosecutor during summation which, he claims, called upon the jury to assume the role of a community avenger. While better left unsaid, this isolated remark did not reflect flagrant and pervasive misconduct on the part of the prosecutor and was "not so prejudicial to defendant as to render counsel's failure to object to [it] evidence of ineffective assistance of counsel" (*People v Albanese*, 38 AD3d 1015, 1019 [2007], *lv denied* 8 NY3d 981 [2007]; *see People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Hunt*, 39 AD3d 961, 963-964 [2007], *lv denied* 9 NY3d 845 [2007]). Likewise, given the evidence adduced at trial, we are unconvinced that counsel's failure to pursue an intoxication defense constituted ineffective assistance (*see People v Robetoy*, 48 AD3d 881, 882 [2008]; *People v Van Ness*, 43 AD3d 553, 555 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Keller*, 175 AD2d 312, 313-314 [1991], *lv denied* 78 NY2d 1128 [1991]). Additionally, as defendant's challenges to County Court's justification charge are meritless, counsel cannot be deemed ineffective for failing to raise these issues before County Court. Rather, the record reflects that defense counsel made appropriate pretrial motions, competently cross-examined witnesses and put forth a reasonable defense of justification which he clearly and consistently developed throughout the trial. Considering the totality of the circumstances, defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, defendant's contention that County Court erred in failing to conduct a restitution hearing is unpreserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Francis*, 82 AD3d 1263 [2011], *lv denied* 17 NY3d 795 [2011]; *People v Waugh*, 52 AD3d 853, 856 [2008], *lv denied* 11 NY3d 796 [2008]; *People v Golgoski*, 40 AD3d 1138, 1138 [2007]), and we have considered the sentence imposed by County Court and find it to be neither harsh nor excessive.

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.