■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. LUGG, Appellant. [998 NYS2d 459]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered December 20, 2012, convicting him of assault in the first degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was returning his three-year-old daughter to her mother after a weekend visitation, when he became involved in an argument with the mother and her boyfriend, Jermaine Cooper. During the course of the argument, Cooper, who was unarmed, punched the defendant in the face. The defendant then pulled out a box cutter and twice swung at Cooper, missing both times. After Cooper punched the defendant again, the defendant slashed the side Cooper's face with the box cutter, inflicting a wound more than five inches long, which required 50 stitches to close.

On appeal, the defendant contends that the County Court erred in instructing the jury only with respect to the defense of the justified use of deadly physical force, rather than the justified use of ordinary physical force. Contrary to the People's contention, this issue is preserved for appellate review, since the County Court expressly decided it (*see* CPL 470.05 [2]; *People v Loper*, 115 AD3d 875, 878 [2014]; *People v Fermin*, 36 AD3d 934, 935 [2007]). However, the contention is without merit. "[T]he particular justification instruction given to the jury must be consistent with the facts and, where it can be determinated as a matter of law that the physical force used by the defendant

was in fact, 'deadly', that is, 'readily capable of causing death or other serious physical injury,' the trial court may limit the justification instruction to authorizing the use of deadly physical force" (*People v Mothon*, 284 AD2d 568, 569 [2001], quoting Penal Law § 10.00 [11] [internal quotation marks omitted]; *see People v Taylor*, 118 AD3d 1044 [2014]). Here, the defendant's use of the box cutter to slash Cooper's face constituted deadly physical force because it was "readily capable" of causing death or serious injury, regardless of the degree of injury he actually intended or inflicted (*see People v Steele*, 19 AD3d 175, 176 [2005]; *People v Mothon*, 284 AD2d at 569). Accordingly, the County Court properly instructed the jury only with respect to the defense of the justified use of deadly physical force (*see People v Soriano*, 121 AD3d 1419 [2014]; *People v Taylor*, 118 AD3d 1044 [2014]; *People v Lawrence*, 256 AD2d 358, 359 [1998]).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his conviction of assault in the first degree because it did not establish his intent to commit that offense (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt (*see* Penal Law § 120.10 [1]; *People v Lewis*, 104 AD3d 958 [2013]; *People v Abdul-Khaliq*, 43 AD3d 700, 701 [2007]; *People v Wade*, 187 AD2d 687 [1992]). Moreover, upon the exercise of our independent factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenges to certain comments made by the prosecutor during her opening statement and on summation are unpreserved for appellate review and, in any event, without merit. The prosecutor's comment during her opening statement did not constitute an improper instruction on the law of justification, and the challenged summation comments were permissible as fair response to the defense summation (*see People v Grant*, 122 AD3d 643 [2014]; *People v King*, 119 AD3d 819 [2014]; *People v Evans*, 116 AD3d 879 [2014]).

A fair reading of the sentencing minutes does not support the defendant's argument that the sentencing court improperly considered uncharged crimes in imposing the sentence (*see People v McGrath*, 20 AD3d 574, 575 [2005]; *People v Carroll*, 181 AD2d 904 [1992]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Eng, P.J., Mastro, Roman and Miller, JJ., concur.