People v Gallardo (2025 NY Slip Op 00460)

People v Gallardo

2025 NY Slip Op 00460

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2019-03821
2021-04393

[*1]The People of the State of New York, respondent,
v
Melissa A. Gallardo, appellant. (Ind. Nos. 2026/17, 1332/18)

Twyla Carter, New York, NY (Whitney Elliott of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from two judgments of the Supreme Court, Queens County (Deborah Stevens Modica, J.), both rendered February 25, 2019, convicting her of attempted murder in the second degree, burglary in the first degree, attempted assault in the first degree, and criminal mischief in the fourth degree under Indictment No. 2026/17, and criminal contempt in the first degree under Indictment No. 1332/18, upon a jury verdict, and imposing sentences.
ORDERED that the judgments are reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, count 1 of Indictment No. 2026/17 charging attempted murder in the second degree and count 2 of Indictment No. 2026/17 charging burglary in the first degree are dismissed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on count 5 of Indictment No. 2026/17 charging attempted assault in the first degree, count 6 of Indictment No. 2026/17 charging criminal mischief in the fourth degree, and Indictment No. 1332/18 charging criminal contempt in the first degree.
Under Indictment No. 2026/17, the defendant was charged with attempted murder in the second degree, burglary in the first degree (three counts), attempted assault in the first degree, and criminal mischief in the fourth degree based on allegations, inter alia, that she unlawfully entered the complainant's apartment and stabbed the complainant with a letter opener. Under Indictment No. 1332/18, the defendant was charged with criminal contempt in the first degree based on allegations that she violated an order of protection issued in favor of the complainant under Indictment No. 2026/17. The indictments were consolidated for a joint trial. Following a jury trial, the defendant was convicted of attempted murder in the second degree, burglary in the first degree, attempted assault in the first degree, criminal mischief in the fourth degree, and criminal contempt in the first degree.
The defendant's contention that the evidence was legally insufficient to support her conviction on the counts of attempted murder in the second degree, attempted assault in the first degree, and burglary in the first degree is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally [*2]sufficient to establish the defendant's guilt beyond a reasonable doubt on the counts of attempted murder in the second degree, attempted assault in the first degree, and burglary in the first degree (see Penal Law §§ 110.00, 120.10[1], 125.25[1], 140.30[2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we find that the verdict of guilt on the count of attempted assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, upon the exercise of our factual review power (see CPL 470.15), we determine that an acquittal of the counts of attempted murder in the second degree and burglary in the first degree would not have been unreasonable. Giving the evidence the weight it should be accorded, we find that the People failed to establish, beyond a reasonable doubt, that the defendant intended to cause the death of another person (see Penal Law §§ 110.00, 125.25[1]; People v Lacen, 229 AD3d 435, 435; People v Gilford, 65 AD3d 840, 841, affd 16 NY3d 864; cf. People v Serra, 217 AD3d 971, 971) or that the defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein (see Penal Law § 140.30; People v Swinson, 154 AD3d 533, 534; People v McCargo, 226 AD2d 480, 481). Thus, we determine that the verdict with respect to the counts of attempted murder in the second degree and burglary in the first degree was against the weight of the evidence. Accordingly, we vacate the convictions of attempted murder in the second degree and burglary in the first degree and dismiss those counts of Indictment No. 2026/17.
The defendant's contention that she was denied the right to a fair trial by the Supreme Court instructing the jury only with respect to the defense of the justified use of deadly physical force, rather than the justified use of ordinary physical force, with respect to the count of attempted assault in the first degree in its original and supplemental charge to the jury is without merit (see Penal Law § 35.15). "[T]he particular justification instruction given to the jury must be consistent with the facts and, where it can be determined as a matter of law that the physical force used by the defendant was in fact, deadly, that is, readily capable of causing death or other serious physical injury, the trial court may limit the justification instruction to authorizing the use of deadly physical force" (People v Newsom, 189 AD3d 1469, 1469 [internal quotation marks omitted]; see People v Lugg, 124 AD3d 679, 680; People v Mothon, 284 AD2d 568, 569; see also Penal Law § 10.00[11]).
Here, the defendant's use of a letter opener to puncture the complainant's chest and lung constituted the use of deadly physical force because it was readily capable of causing serious physical injury, regardless of the degree of injury the defendant actually intended or inflicted on the complainant (see People v Newsom, 189 AD3d at 1469; People v Lugg, 124 AD3d at 680; People v Mothon, 284 AD2d at 569). Accordingly, the Supreme Court properly instructed the jury only with respect to the defense of the justified use of deadly physical force (see People v Newsom, 189 AD3d at 1469; People v Lugg, 124 AD3d at 680; People v Mothon, 284 AD2d at 569). Moreover, the court did not improvidently exercise its discretion in recharging deadly physical force justification upon the jury's request for instruction on the charge of attempted assault in the first degree (see CPL 310.30; see also People v McNair, 48 AD2d 860, 861). The defendant's related contention that the court's deadly physical force justification charges violated her right to chart her own defense is unpreserved for appellate review (see CPL 470.05[2]; People v McCall, 88 NY2d 838, 840). In any event, the contention is without merit.
The defendant's contention that she had a statutory right to plead guilty to Indictment No. 1332/18 is unpreserved for appellate review (see CPL 220.10[2]; People v Mitchell, 39 AD3d 375, 376). In any event, the contention is without merit. Except as specifically provided, a defendant may, as a matter of right, enter an unconditional plea of guilty to an entire indictment (see CPL 220.10[2]; People v Gilmore, 226 AD3d 1047, 1048; People v D'Agostino, 55 AD3d 353, 354). However, once an indictment is consolidated with another, the defendant may plead guilty only to the entire consolidated indictment unless the People and the court consent (see CPL 220.10[2], [4]; People v Cahill, 2 NY3d 14, 43-44). Here, the defendant was not denied her statutory right to plead guilty to Indictment No. 1332/18, since she did not make an unconditional application to plead guilty [*3]to that indictment prior to consolidation for trial (see CPL 220.10[2]; People v Cruz, 48 AD3d 205, 206).
Moreover, contrary to the defendant's contention, the Supreme Court providently granted the People's motion to consolidate the two indictments since proof of the offenses charged in the first indictment was material and admissible as evidence upon trial of the offense charged in the second indictment and the defendant's right to a fair trial was not unduly prejudiced thereby (see CPL 200.20[2][b]; [4]; People v Lane, 56 NY2d 1, 7-8; People v Tillmon, 197 AD3d 956, 957).
Furthermore, the defendant's contention that she was deprived of a fair trial due to the prosecutor's improper comments during summation is, for the most part, unpreserved for appellate review (see CPL 470.05[2]). However, we reach the issue as a matter of discretion in the interest of justice (see id. § 470.15[6][a]; People v Pagan, 2 AD3d 879, 880). "'[S]ummation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command'" (People v Drago, 207 AD3d 559, 561, quoting People v Ashwal, 39 NY2d 105, 109). "'[I]n summing up to the jury, counsel must stay within the four corners of the evidence and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused'" (id. at 561-562, quoting People v Bartolomeo, 126 AD2d 375, 390).
Here, during summation, the prosecutor, inter alia, repeatedly accused the defendant of lying, improperly vouched for the credibility of the complainant, and misstated the critical evidence to support the charge of attempted murder in the second degree. Indeed, the prosecutor repeatedly accused the defendant of lying on the witness stand by stating, among other things, that the defendant was "caught in a lie" and was being "less than truthful," and that "[w]hen she thinks it is going to benefit her, she is quick to tell you a lie" (see People v Flores, 165 AD3d 695, 697; People v Morales, 108 AD3d 574, 575; People v Pagan, 2 AD3d at 880). The prosecutor also improperly stated that to believe the defendant's version of the events, the jury would have to believe "that [the complainant] is lying about everything she told you, you have to believe she's a complete liar," that the police officers "are lying too," and that "[e]veryone is out to get this defendant" (see People v Pagan, 2 AD3d at 880). Additionally, the prosecutor improperly vouched for the complainant's credibility by repeatedly telling the jury that the complainant was, inter alia, "honest" and "telling the truth," and that her testimony "was plausible and true" (see People v Brown, 26 AD3d 392, 393). Further, the prosecutor misstated the critical evidence as to a doctor's testimony regarding the depth of the stab wound to puncture the complainant's chest cavity by stating that "at a minimum it would need to be a[n] inch or two to puncture someone's chest cavity" (see People v Redd, 141 AD3d 546, 549). Rather, the doctor estimated that the stab wound would have to be "about an inch" deep. As this evidence was critical to support the charge of attempted murder in the second degree, the prosecutor's remarks were improper.
Based on the cumulative effect of the prosecutor's improper summation comments, the defendant was deprived of the right to a fair trial (see People v Crimmins, 36 NY2d 230; People v Drago, 207 AD3d at 563; People v Redd, 141 AD3d at 549). Contrary to the People's contention, these errors are not subject to harmless error analysis (see People v Flores, 165 AD3d at 697). Accordingly, the judgments must be reversed as to the remaining counts for which the defendant was convicted and the matter remitted for a new trial on those counts.
In light of our determination, we do not address the defendant's remaining contentions.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court