■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ANTONETTY, Appellant. [701 NYS2d 362] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered June 4, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and, sentencing him, as a second felony offender, to concurrent terms of 15 years to life and 5 to 10 years, respectively, unanimously affirmed.

The court properly exercised its discretion in limiting cross-examination of a police witness on collateral matters relating to his credibility. Defendant sought only to elicit accusations against the officer, and accusations are not the proper subject of impeachment (*People v Miller*, 91 NY2d 372, 380). To the extent that defendant's proffer sought to elicit prior bad acts, we find that defendant did not establish a sufficient good faith basis for such impeachment (*see, People v Hudy*, 73 NY2d 40, 56; *People v Melcherts*, 225 AD2d 357, *lv denied* 88 NY2d 881). Defendant's claim that the court improperly denied his request to review the police officer's personnel file is unpreserved since defense counsel failed to alert the court that there had been no ruling on his application (*see, People v Henriquez*, 246 AD2d 427, *lv denied* 91 NY2d 942). Rather than being denied, the application had been referred to the trial court by another Justice. In any event, defendant was not entitled to review the file since there was no showing that it was " 'reasonably likely' that the contents of the file would 'directly bear on the hard issue of guilt or innocence' " (*People v Valentine*, 160 AD2d 325, *lv denied* 76 NY2d 797, quoting *People v Gissendanner*, 48 NY2d 543, 550). To the extent that defendant is raising a constitutional claim with respect to any aspect of his efforts to impeach the officer, such claim is unpreserved and we decline to review it in the interest of justice. Were we to do so, we would reject the argument that the exclusion of the purportedly impeaching material constituted an impermissible limitation of defendant's right of confrontation.

The challenged portions of the prosecutor's summation were generally responsive to the defense summation and trial tactics and do not warrant reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The court's identification charge was sufficiently balanced (*see, People v Culhane*, 45 NY2d 757). Defendant's remaining contentions are unpreserved and without merit. Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.