■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO VASQUEZ, Appellant. [732 NYS2d 218] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered May 18, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant was not deprived of a fair trial when the court sustained the prosecutor's objection to defendant's summation remark urging the jury to draw a negative inference from the "ghost" officer's failure to testify. There was no evidence that the ghost was in a position to observe any aspect of the drug transaction (*see*, *People v Vasquez*, 272 AD2d 226, *lv denied* 95 NY2d 872). Thus, there were no adverse inferences that could have reasonably been drawn from the ghost's failure to testify and there was no evidentiary foundation for the summation comment (*see, People v Tankleff*, 84 NY2d 992, 994-995). In any event, the court permitted defendant to make the same point, expressed in different language. Defendant's challenge to the prosecutor's summation comment regarding the ghost is

unpreserved and we decline to review it in the interest of justice. Were we to review this claim we would find no possibility of prejudice.

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.