■ The People of the State of New York, Respondent, v Angel Cordero, Appellant. [760 NYS2d 477] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered November 20, 2000, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree and assault in the first degree, and sentencing him to concurrent terms of 15 years, unanimously affirmed.

The court properly determined that a letter in the People's possession that had been written by the victim to the Probation Department, relating to the sentencing of two codefendants, was not Rosario material, since it did not relate to the

subject matter of the victim's testimony at trial (*see People v Fridman*, 162 AD2d 136 [1990], *lv denied* 76 NY2d 893 [1990]). Contrary to defendant's contention, nothing in this letter reflected any bias, hostility or motive to lie at defendant's trial. Furthermore, even if this letter had constituted *Rosario* material, the failure to turn it over to the defense would have been harmless (*see* CPL 240.75), given the overwhelming evidence of defendant's guilt.

The court properly exercised its discretion when it denied defendant's request to reopen the trial, after both sides had rested, for the purpose of cross-examining a police witness about certain civilian complaints against him, in an effort to impeach his general credibility. The request would have occasioned unjustifiable delay, which could have been avoided had defendant secured this impeachment material in a timely fashion (*see People v Foy*, 32 NY2d 473, 476 [1973]). Furthermore, this material was collateral, and the court's discretionary determination did not deprive defendant of his right of confrontation (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Since defendant may not rely on his codefendant's request to preserve this issue (*People v Buckley*, 75 NY2d 843, 846 [1990]), his argument that the court improperly declined to permit the defense to recall a witness on surrebuttal is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion (*see People v Aska*, 91 NY2d 979, 981 [1998]), and that its ruling had no adverse effect on defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.