■ The People of the State of New York, Respondent, v Winston Francis, Appellant. [790 NYS2d 103]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered November 20, 2003, as amended December 17, 2003, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 years and $3\frac{1}{2}$ to 7 years, respectively, unanimously affirmed.

The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, when viewed most favorably to defendant, to support that defense. In addition to clearly being the initial aggressor, defendant escalated what began as a fistfight by using deadly physical force against the unarmed victim, and there was no evidence suggesting that defendant believed, or had any reason to believe, that the victim was using or about to use deadly physical force (*see People v Goetz*, 68 NY2d 96, 105-106 [1986]).

Were we to find that the court should have granted defendant's request for a missing witness charge regarding the victim's brother, we would find the error to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The challenged portions of the prosecutor's summation generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and although some of the remarks were inadvisable, the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976

[1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court properly exercised its discretion in precluding defendant from cross-examining the victim about a fight in which he was involved shortly before he testified. Defendant failed to establish a sufficient good-faith basis upon which to conclude that the incident, the specific facts of which were not revealed, constituted a "bad act" or had any relevance to the victim's credibility, or to any other material issue (*see People v Antonetty*, 268 AD2d 254 [2000], *lv denied* 94 NY2d 945 [2000]). There was no impairment of defendant's right of confrontation (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Nardelli and Williams, JJ.