■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS PADILLA, Appellant. [812 NYS2d 530]—

Judgments, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 28, 2004, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 10 years, unanimously affirmed.

The court properly exercised its discretion in precluding defendant from cross-examining a witness about his sealed arrest record. Defendant was unable to establish a good faith basis for questioning the witness since the facts surrounding the arrest were not revealed and it was not even known if they involved any "bad act[s]" (*see People v Francis*, 15 AD3d 318 [2005], *lv denied* 4 NY3d 853 [2005]; *People v Antonetty*, 268 AD2d 254 [2000], *lv denied* 94 NY2d 945 [2000]). Defendant's argument that the arrest may have resulted in a disposition of a type permitting the underlying facts to be used for impeachment, such as a youthful offender adjudication or an adjournment in contemplation of dismissal (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Vidal*, 26 NY2d 249 [1970]), is based upon speculation. It is equally possible that the sealed record stemmed from a verdict of acquittal or a dismissal on the merits, which would have negated any good faith basis for inquiring into the underlying facts (*see People v Plaisted*, 2 AD3d 906, 908 [2003], *lv denied* 2 NY3d 744 [2004]). The court was not required to unseal the witness's arrest record in the absence of a showing by defendant that any information in the record would have demonstrated the witness's bias in favor of the prosecution or hostility to defendant (*see People v Acevedo*, 176 AD2d 886 [1991], *lv denied* 79 NY2d 823 [1991]). The court's ruling did not impair defendant's right to confront the witness (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.