■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ANDREW, Appellant. [863 NYS2d 676]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered February 13, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of the minor inconsistencies in testimony that defendant cites.

The court properly exercised its discretion when it denied defendant's request to question the arresting detective regarding certain federal lawsuits, and when it declined to disclose, or review in camera, the detective's disciplinary file. The detective was one of several officers named as defendants in two actions, principally against the City of New York, that involved a single incident that occurred one year before the incident at issue in this case. The mere existence of the federal litigation was not a proper subject for cross-examination (see People v Antonetty, 268 AD2d 254 [2000], lv denied 94 NY2d 945 [2000]), and the defense failed to establish a good faith basis for eliciting the underlying facts as prior bad acts (see id.), as the complaints and amended complaints in the federal actions did not allege, or even support an inference, that this detective personally engaged in any specific misconduct or acted with knowledge of the misconduct of other officers. There is also no evidence that

the detective intentionally misled anyone about his involvement in the federal case; accordingly, this was neither a proper subject for an inquiry in itself, nor a basis for any other inquiry. Similarly, defendant failed to make a sufficient showing to warrant disclosure or in camera review of the detective's disciplinary record (*see* Civil Rights Law § 50-a [2]; *People v Gissendanner*, 48 NY2d 543, 548-551 [1979]). In any event, any error in failing to permit cross-examination based on the federal litigation or to review the disciplinary records was harmless, as the People's case rested primarily on the testimony of an undercover officer, and the arresting detective at issue primarily testified to facts confirmed by defendant's own testimony.

The court also properly exercised its discretion when it precluded defendant from calling his girlfriend to give testimony that would have been cumulative to other testimony, of dubious relevance to any material issue at trial, and of little, if any, probative value (*see People v Hector*, 248 AD2d 184 [1998], *lv denied* 92 NY2d 898 [1998]). We also find that any error in precluding the witness's testimony was harmless.

The court also properly exercised its discretion when it precluded defense counsel from arguing in summation that the jury should draw a negative inference from the People's failure to call additional police officers to testify, as there is no reason to believe that any uncalled officers were in a position to see the drug transaction, or were otherwise able to provide any relevant testimony (*see People v Vasquez*, 288 AD2d 17 [2001], *lv denied* 97 NY2d 734 [2002]).

Defendant failed to preserve his constitutional arguments with regard to the above-discussed issues (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Green*, 27 AD3d 231, 233 [2006], *lv denied* 6 NY3d 894 [2006]), or any of his claims concerning the court's alleged interference with the presentation of the defense case, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ.