■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL DUCRET, Appellant. [945 NYS2d 232]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered April 1, 2009, convicting defendant, after a jury trial, of resisting arrest, and sentencing him to a term of one year, unanimously affirmed.

When the existence of an unrelated lawsuit against one of the police witnesses came to light during trial, the court properly exercised its discretion in denying defendant's request for a midtrial adjournment of unspecified length for the purpose of obtaining additional information relating to the lawsuit and its underlying facts (*see e.g. People v Dunnell*, 63 AD3d 535, 536 [2009], *lv denied* 13 NY3d 796 [2009]). The unproven allegations against the officer were collateral (*see People v Cordero*, 306 AD2d 9, 10 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Antonetty*, 268 AD2d 254 [2000], *lv denied* 94 NY2d 945 [2000]), and the requested adjournment would have disrupted the trial and caused undue delay. Furthermore, defendant received a sufficient opportunity to cross-examine the officer about the underlying facts of the lawsuit.

The court also properly exercised its discretion in admitting medical evidence regarding the injuries suffered by the officers who were injured in this incident, even though defendant was

not indicted for assault. In the circumstances of the case, this evidence was highly probative because it demonstrated the extent and violent nature of defendant's resistance, and it directly refuted claims made by defendant at trial. Concur— Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.