■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVIN BOWENS, Appellant. [992 NYS2d 881]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered December 11, 2012, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's accessorial liability could be reasonably inferred from the entire course of conduct of defendant and his codefendant before, during and after the crime, along with defendant's damaging admissions (*see generally Matter of Juan J.*, 81 NY2d 739 [1992]; *People v Allah*, 71 NY2d 830 [1988]).

The sentencing court properly adjudicated defendant a second violent felony offender. Not only was defendant's predicate felony (Penal Law §§ 110.00, 265.02 [4]) classified as a violent felony at the time of that conviction in 2003 (*see People v Walker*, 81 NY2d 661, 664-666 [1993]), the same crime remained a violent felony at the time of defendant's second violent felony offender adjudication, albeit as the result of a recodification (*see* Penal Law § 265.03 [3]; William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 265.00 at 413). Defendant's ex post facto argument is without merit. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.