■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SMITH, Appellant. [996 NYS2d 37]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered December 7, 2011, convicting defendant, after a jury trial, of resisting arrest, and sentencing him to a term of three months, and judgment, same court (Daniel McCullough, J.), rendered August 14, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to a term of two years, unanimously affirmed.

At defendant's first trial, where he was convicted of resisting arrest but the jury failed to reach a verdict as to the remaining charges, the court properly exercised its discretion in limiting cross-examination of police witnesses. Although defendant was entitled, assuming good faith, to ask the officers about acts of misconduct bearing on their credibility, the proposed line of questioning went into accusations, subsequent remedial changes in police procedures, and other irrelevant or collateral matters (*see People v Ducret*, 95 AD3d 636 [1st Dept 2012], *lv denied* 19 NY3d 996 [2012]). In particular, to the extent defendant is arguing that he was entitled to elicit the fact that lawsuits involving

these officers were settled by the City of New York, and the dollar amounts of those settlements, that argument is without merit (*see Bigelow-Sanford v Specialized Commercial Floors of Rochester*, 77 AD2d 464 [4th Dept 1980]). The record fails to support defendant's assertion that the court prevented him from making a full offer of proof.

At the second trial, the court properly declined to deliver either a circumstantial evidence or "two inference" charge. The People's case was not based entirely on circumstantial evidence, notwithstanding the fact that the jury was called upon to draw certain inferences from the evidence (*see People v Roldan*, 88 NY2d 826 [1996]; *People v Daddona*, 81 NY2d 990 [1993]). Defendant's claims relating to the timeliness of certain charges given by the court at the second trial are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that defendant has not established that he was prejudiced by the timing of these charges.

Defendant's claim that his counsel rendered ineffective assistance at the second trial is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record concerning counsel's decisions as to the introduction of evidence (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that his counsel's failure to offer evidence relating to lawsuits against the officers, or evidence of the content of defendant's own statements, fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.