■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMA MCGHEE, Also Known as Izzy, Appellant. [4 NYS3d 186]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered January 3, 2013, convicting defendant, after a jury trial, of 10 counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of 12 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request to question a detective regarding certain federal lawsuits in which the detective was one of the named

defendants, and the court's ruling did not deprive defendant of his right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Defendant failed to establish a good faith basis for eliciting the underlying facts of these lawsuits under the theory that they involved prior bad acts by this detective bearing on his credibility (*see People v Andrew*, 54 AD3d 618 [1st Dept 2008], *lv denied* 11 NY3d 895 [2008]; *see also People v Smith*, 122 AD3d 456 [1st Dept 2014]), as defendant did not specify any factual allegations supporting the assertion that this detective had participated in false arrests. In any event, any error in precluding cross-examination based on the federal litigation was harmless, because the People's case rested primarily on the credibility and reliability of the testimony of the undercover officers who made the charged drug purchases, not on that of this detective, who supervised the case and provided an overview of the investigation (*see Andrew*, 54 AD3d at 619).

The court properly exercised its discretion in ruling that defendant's impeachment of the detective regarding a discrepancy in a document prepared by him opened the door to evidence of the detective's knowledge of defendant's involvement in uncharged sales that were part of the same investigation (*see generally People v Mateo*, 2 NY3d 383, 425 [2004]; *People v Rojas*, 97 NY2d 32, 38 [2001]). This evidence tended to dispel a misleading impression that the discrepancy reflected the actual state of the detective's knowledge, as opposed to being a paperwork error. Since this evidence was not offered for its truth, but as evidence of the detective's state of mind, defendant's hearsay and Confrontation Clause arguments are unavailing. In addition, we find that this evidence was not unduly prejudicial under the circumstances of the case.

The court properly denied defendant's motion to suppress a photographic identification. The record supports the court's finding that the photo array was not unduly suggestive, since defendant and the other participants were reasonably similar in appearance. The difference between defendant's photo and the other photos was not sufficient to create a substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

The sentencing court properly adjudicated defendant a second felony drug offender whose prior felony conviction was a violent felony. Defendant's conviction of criminal possession of a weapon in the third degree qualifies as a violent felony, and defendant's arguments to the contrary are similar to argu-

ments this Court has previously rejected (*see People v Thomas*, 122 AD3d 489 [1st Dept 2014]; *People v Bowens*, 120 AD3d 1148 [1st Dept 2014]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.