■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL INGRAM, Appellant. [5 NYS3d 376]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered March 14, 2011, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

The record fails to support defendant's assertion that the court precluded him from impeaching the credibility of a police witness by way of prior bad acts. The court correctly precluded inquiry regarding the existence of a federal lawsuit in which the officer was one of the named defendants, because the mere existence of the lawsuit was not a proper subject for cross-examination (*see People v Antonetty*, 268 AD2d 254 [1st Dept 2000], *lv denied* 94 NY2d 945 [2000]). The court also correctly excluded a police Firearms Discharge/Assault Report, which contained an unelaborated reference to two prior shootings by the officer in question, because defendant only offered the report under a plainly meritless present-sense-impression theory (*see People v Brown*, 80 NY2d 729, 732-733 [1993]). Defendant did not seek to ask the officer anything about the underlying facts of the lawsuit, or about the prior shootings referenced in the report, and the court did not prevent him from making such requests. In any event, by failing to provide any specific factual allegations, defendant failed to establish a good faith basis for eliciting the underlying facts of the lawsuit or the prior shootings under the theory that they involved prior bad acts by this officer bearing on his cred-

ibility, or under any other theory of admissibility (*see People v Andrew*, 54 AD3d 618 [1st Dept 2008], *lv denied* 11 NY3d 895 [2008]; *see also People v Smith*, 122 AD3d 456 [1st Dept 2014]).

The court responded meaningfully to the deliberating jury's request for a readback of specific testimony (*see People v Almodovar*, 62 NY2d 126, 131 [1984]). The court's ruling regarding the testimony to be included or excluded was based on a reasonable interpretation of the jury's note, and was a proper exercise of discretion. In any event, defendant has not demonstrated that the court's determinations regarding the scope of the readback "seriously prejudiced" him (*see People v Lourido*, 70 NY2d 428, 435 [1987]). Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.