■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL OLIVIER, Appellant. [21 NYS3d 69]—Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered April 30, 2013, convicting defendant, upon his plea of guilty, of conspiracy in the fourth degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of eight years, unanimously affirmed.

The court properly adjudicated defendant a second felony drug offender whose prior felony conviction was a violent felony. Defendant's conviction of criminal possession of a weapon in the third degree pursuant to former Penal Law § 265.02 (4) qualifies as a violent felony (*see e.g. People v McGhee*, 125 AD3d 537 [1st Dept 2015], *lv granted* 26 NY3d 968 [2015]; *People v Thomas*, 122 AD3d 489 [1st Dept 2014], *lv denied* 24 NY3d 1123 [2015]), and we decline to revisit our prior holdings on this issue.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.