■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT VILLALONA, Appellant. [46 NYS3d 7]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered September 11, 2015, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 6½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The element of serious physical injury was established by the evidence that a knife wound caused an approximately six-inch-long keloid scar, mostly running from the back of the victim's head to the left side of his neck, but ending on that side of his face (*see People v Coney*, 143 AD3d 490 [1st Dept 2016]). The jury received a full opportunity to view the scar, and the court thoroughly described it for the record. Accordingly, we find that the scar met the standard of serious disfigurement (*see People v McKinnon*, 15 NY3d 311 [2010]). Defendant failed to preserve his challenge to the sufficiency of the evidence of his intent to cause serious physical injury, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant's

intent was abundantly established by his conduct of repeatedly slashing the victim with a knife, and repeatedly circumventing a person who attempted to block him from reaching the victim (*see People v Abdul-Khaliq*, 43 AD3d 700, 701 [1st Dept 2007], *lv denied* 9 NY3d 989 [2007]).

The admission of a recording of a 911 call placed by a nontestifying declarant, and seeking help for the injured victim, did not violate defendant's right of confrontation. The call was not testimonial, because the circumstances objectively indicated that the primary purpose of the call was to enable the authorities "to meet an ongoing emergency" (*Davis v Washington*, 547 US 813, 822 [2006]), in light of the victim's profuse bleeding. To the extent the call failed to qualify as an excited utterance because there was evidence of the declarant's studied reflection, we find that any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). There was overwhelming evidence of defendant's guilt, and we note that even defense counsel deemed the 911 call cumulative to other testimony.

The prosecutor's summation did not deprive defendant of a fair trial. The portions of the summation to which defendant objected on the ground of vouching were proper responses to defense counsel's arguments that the victim lacked credibility (*see People v Overlee*, 236 AD2d 133, 144 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). The prosecutor's statement that an argument made by defense counsel was "offensive" came within the broad latitude afforded to attorneys on summation (*see People v Glover*, 165 AD2d 761, 762 [1st Dept 1990], *lv denied* 77 NY2d 877 [1991]). Since the only weapon involved in this case was a knife, the prosecutor's rhetorical question, "In what world can a person get pushed, take out a gun or a knife or some other weapon and then use it on the person who pushed them?" should not have mentioned a "gun," but this isolated error does not warrant reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor's argument about the nontestifying 911 caller was a fair response to a defense argument. In any event, any error as to these summation remarks was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant's remaining challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we similarly find no basis for reversal.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record (*see*

*People v Rivera*, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance. Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.