■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BAZEMORE, Appellant. [48 NYS3d 135]—

Judgment, Supreme Court, New York County (Lawrence K. Marks, J. at hearing; Renee A. White, J. at jury trial and sentencing), rendered February 7, 2012, convicting defendant of six counts of robbery in the first degree and three counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 12 years, unanimously affirmed.

The court properly denied defendant's motion to suppress a lineup identification. The lineup photograph reveals that the participants were all reasonably similar in appearance, so that there was no substantial likelihood that defendant would be singled out (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Although defendant was the only person in the lineup not of Latino origin, this difference is not reflected in the actual appearances of the participants as shown by the photo, which establishes that defendant and the fillers were sufficiently similar in skin tone and other features, as well as in apparent age, height and weight (*see People v Jackson*, 98 NY2d 555, 559 [2002]). Defendant's argument that the police could have recruited a more suitable set of fillers, without unreasonable delay, is speculative and unsupported by anything in the record.

The hearing court, which had reopened the hearing solely with regard to a photo identification not at issue on appeal, providently exercised its discretion when it declined to reopen the hearing with regard to the lineup as well. Defendant sought to inquire about a portion of the identifying witness's grand jury testimony in which the witness described his thought

processes when he viewed the lineup. However, defendant failed to make a showing of "additional pertinent facts" (CPL 710.40 [4]) that would have materially affected the determination on the *Wade* hearing (*see People v Clark*, 88 NY2d 552, 555-556 [1996]).

After the identifying witness testified on cross-examination that he had not been involved in or charged with a particular assault, the trial court providently exercised its discretion in precluding further inquiry (*see e.g. People v Padilla*, 28 AD3d 365 [1st Dept 2006], *lv denied* 7 NY3d 792 [2006]). Initially, we note that although defendant raised this issue in an unsuccessful CPL 440.10 motion that is not before this Court, our present review is limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]). The prosecutor represented to the trial court that it was not the witness, but a person with the same name as the witness, who had been charged with the assault, and defendant did not establish a good faith basis for pursuing the matter any further. The court's ruling did not impair defendant's right to confront the witness (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.