The People of the State of New York, Respondent,
against
Julian Snipe, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered July 20, 2016, after a nonjury trial, convicting him of attempted assault in the third degree, attempted unlawful imprisonment in the second degree, and harassment in the second degree (two counts), and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered July 20, 2016, affirmed.
The court's verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Issues of credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the court and there is no basis for disturbing its determinations. The intent elements of attempted unlawful imprisonment in the second degree (see Penal Law §§ 110/135.05) and harassment in the second degree (see Penal Law § 240.26[1]) were satisfied by the testimony of two police officers, who responded to a radio call of a domestic dispute in progress, that they heard "fearful, frantic crying from children" inside the apartment and a "female occupant" screaming "get off me, get off me"; that despite knocking on the door repeatedly for over five minutes and announcing themselves as police, no one answered; that one of the officers peered through a small hole in the door and observed defendant "with his arm around" the victim's neck in a "choke hold"; and that when the "visibly upset" victim finally opened the door, she was crying, her hair was "disheveled," her shirt was ripped and there was "heavy redness around her neck" (see Matter of David H., 69 NY2d 792, 793 [1987]; People v Haardt, 129 AD3d 1322 [2015]; Matter of Marlon B., 51 AD3d 436 [2008]; People v Mack, 76 AD3d 467 [2010], lv denied 15 NY3d 922 [2010]). 
The intent elements of attempted assault in the third-degree (see Penal Law §§ 110.00/120.00[1]) and the remaining second-degree harassment charge were satisfied by police testimony that defendant threw his body back, pinning the arresting officer on a sofa and then repeatedly elbowed the officer in the face, ribs and chest. 
The court properly exercised its discretion in denying defendant's in limine motion and admitting the entire 911 recording under the present sense impression (see People v Vasquez, 88 [*2]NY2d 561, 574 [1996]) and excited utterance exceptions to the hearsay rule (see People v Johnson, 1 NY3d 302, 306 [2003]). The caller's statements, including the "guy ... is beating the crap out of this woman, the kids are screaming upstairs" were made while still under the influence of the stress of the incident (People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]; People v Auleta, 82 AD3d 1417, 1419 [2011], lv denied 17 NY3d 813 [2011]), and not under the impetus of studied reflection (see People v Edwards, 47 NY2d 493, 497 [1979]). Nor was the call testimonial since the circumstances objectively indicated that its primary purpose was to enable the authorities "to meet an ongoing emergency" (see Davis v Washington, 547 US 813, 822 [2006]; People v Villalona, 145 AD3d 625, 626 [2016], lv denied 29 NY3d 953 [2017]). In any event, were we to find any error in the admission of the entire recording, we would find it to be harmless in the context of this bench trial and given the overwhelming evidence of guilt.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 02, 2018