People v Anonymous (2019 NY Slip Op 05482)





People v Anonymous


2019 NY Slip Op 05482


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9822 660/11

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered August 6, 2014, convicting defendant, after a jury trial, of murder in the second degree and gang assault in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The court properly denied defendant's motion to suppress photo and lineup identifications. We have examined the photo array and a photograph of the lineup, and we conclude that the record supports the court's finding that neither was unduly suggestive (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; see also People v Perkins, 28 NY3d 432 [2016]). Any differences in the composition and backgrounds of the photos was insignificant. As for the lineup, the color photo thereof established "that defendant and the fillers were sufficiently similar in skin tone and other features" (People v Bazemore, 147 AD3d 698, 698 [1st Dept 2017], lv denied 29 NY3d 1076 [2017]). Defendant's argument that the witness might have recognized one lineup filler, a police detective, is unsupported by any evidence that the witness had ever seen him before.
Defendant did not preserve his claim that the court should have allowed him to question the detective about another person's out-of-court statement, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant did not establish any basis for introducing a hearsay statement by a person who was available to testify and was a prospective defense witness.
The court properly admitted a recording of a 911 call under the present sense impression exception to the hearsay rule, because the declarant was describing substantially contemporaneous events (see People v Vasquez, 88 NY2d 561, 575 [1996]). There was no violation of the Confrontation Clause, because the caller's statements addressing an ongoing emergency were nontestimonial (see People v Villalona, 145 AD3d 625, 626 [1st Dept 2016], lv denied 29 NY3d 953 [2017]).
We also find that any error in any of the above-discussed ruling, including those relating to identification evidence, was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK