People v Gamble (2020 NY Slip Op 00523)





People v Gamble


2020 NY Slip Op 00523


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


1347/09 -65 10873

[*1]The People of the State of New York, Respondent,
v
Rasheen J. Gamble also known as Sheenie, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Rasheen Gamble, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered November 13, 2013, convicting defendant, after a jury trial, of murder in the second degree and attempted assault in the second degree, and sentencing him to an aggregate term of 26&frac13; years to life, and order, same court and Justice, entered on or about December 20, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court properly denied, without a hearing, defendant
pro se's CPL 440.10 motion and appellate counsel's supplemental CPL 440.10 motion asserting ineffective assistance of counsel. Defendant argues that there was no legitimate strategic reason for pretrial counsel's consent, without first consulting defendant, to the People's untimely (see CPL 240.90) motion to compel a DNA sample. Assuming that counsel's consent under these circumstances was objectively unreasonable, we find that defendant was not prejudiced under either the state or federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668, 694 [1984]). Independent of any DNA evidence, there was overwhelming evidence of defendant's guilt, including, among many other things, the presence of defendant's fingerprints at a location that unequivocally connected him to the crime (see People v Lewis, 44 AD3d 422, 422-23 [1st Dept 2007], lv denied 9 NY3d 1035 [2008]). The court also providently exercised its discretion in determining that a hearing would serve no useful purpose, particularly in light of defendant's detailed submissions regarding his interactions with pretrial counsel, who was deceased.
The court providently exercised its discretion in precluding defendant from cross-examining a witness about an arrest that had resulted in a dismissal, because trial counsel had insufficient information to demonstrate that the charges were not dismissed on the merits, and thus failed to demonstrate a good faith basis for
the inquiry (see People v Padilla, 28 AD3d 365 [1st Dept 2006], lv denied 7 NY3d 792 [2006]). Counsel presented only unsupported speculation that the charges were dismissed on speedy trial grounds. Moreover, based on information that the trial prosecutor received from the prosecutor who had handled the witness's case, it appeared that the dismissal may have been on the merits. In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). We also find no violation of defendant's right to cross-examine witnesses (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
The challenged portions of the prosecutor's summation do not warrant reversal (see People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Although the prosecutor's comments on the lack of an "innocent explanation" for [*2]certain evidence tended to shift the burden of proof, the court's curative instructions were sufficient to prevent any prejudice. However, the prosecutor's arguments about defendant's failure to make a 911 call at the time of the incident, or to assert his innocence during a call to his mother after his flight, were inappropriate under the facts of the case, and the court should not have permitted the jury to consider them. Nevertheless, these errors were harmless in light of the overwhelming evidence.
The court providently exercised its discretion in denying an adverse inference instruction regarding evidence rendered unavailable by the flooding of a storage facility by Hurricane Sandy (see e.g. People v Daly, 140 AD3d 593, 594 [1st Dept 2016]), and defendant's arguments to the contrary are unavailing.
We perceive no basis for reducing the sentence.
We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief.
M—65 - People v Gamble
Motion for an adjournment and permission to file a pro se supplemental reply brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK