People v Watson (2020 NY Slip Op 51274(U))

[*1]

People v Watson (Kirk)

2020 NY Slip Op 51274(U) [69 Misc 3d 134(A)]

Decided on November 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570074/18

The People of the State of New York,
Respondent,
against
Kirk Watson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered February 13, 2018, after a nonjury trial,
convicting him of two counts of attempted forcible touching and one count of sexual abuse in the
third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered February 13, 2018,
affirmed.
The information charging attempted forcible touching (see Penal Law §§
110, 130.52) and sexual abuse in the third degree (see Penal Law § 130.55) was
jurisdictionally valid because it contained nonhearsay allegations which, if true, established every
element of the offenses charged and the defendant's commission thereof (see People v
Wheeler, 34 NY3d 1134, 1135 [2020]). Contrary to defendant's specific contentions, the
information sufficiently described the location of the occurrence. It recites that on August 31,
2016, defendant was initially observed "on the southbound '6' train platform at the East 51st
Street station," that he then entered a "train car" and that the incident complained of occurred "at
about 8:20 A.M., in the subway car at Union Square East and East 14th Street." These allegations
provided defendant with sufficient notice to prepare a defense and were adequately detailed to
prevent him from being tried twice for the same offense (see People v Casey, 95 NY2d
354, 360 [2000]).
The information also contains sufficient allegations to satisfy the purpose element of the
charged offenses. The information alleges that defendant "push[ed] his groin up against a
woman's buttocks" and "repeatedly rub[bed] against her," even though there was enough room
behind defendant such that he did not have to press up against the victim, and that defendant
repeated this conduct after the victim moved away. Based upon these allegations, it can be
reasonably inferred that defendant touched the victim for the purpose of degrading or abusing her
and to gratify his sexual desires (see People v Hatton, 26 NY3d 364 [2015]; People v
Guaman, 22 NY3d 678 [2014]).
The verdict was not against the weight of the evidence (see People v Danielson, 9
NY3d 342 [2007]). There is no basis to disturb the court's determinations concerning credibility
in [*2]which it credited the testimony of the two plain clothes
officers who witnessed the incident (see
People v Ramos, 166 AD3d 442 [2018], lv denied 32 NY3d 1177 [2019]). Any
minor inconsistencies in testimony were properly considered by the court (see People v
Romero, 7 NY3d 633 [2006]).
Since defendant's waiver of his right to counsel was knowing, intelligent and voluntary, the
court properly permitted him to exercise his right to self-representation at trial. Defendant
unequivocally invoked his right to self-representation and the searching inquiry conducted by the
court established that he understood the dangers and disadvantages of proceeding pro se and the
value of legal representation (see People v Crampe, 17 NY3d 469, 481-82 [2011] cert
denied 565 US 1261 [2012]; People
v Wilcott, 168 AD3d 478 [2019], lv denied 33 NY3d 955 [2019]). The court
also knew defendant from an earlier trial involving virtually identical conduct and charges.
Defendant's contention that the court violated his constitutional right to confrontation by
denying his request to recall the People's witnesses is unpreserved for appellate review (see
People v Knowles, 88 NY2d 763, 768 [1996]; People v Martich, 30 AD3d 305 [2006], lv denied 7 NY3d
868 [2006]), and we decline to review it in the interest of justice. Were we to review this claim,
we would reject it. The court properly exercised its discretion when it denied defendant's request
for an adjournment and to recall the People's witnesses because three months had elapsed since
they testified and defendant affirmatively waived his right to cross-examination (see People v
Washington, 71 NY2d 916, 918 [1988]; People v Foy, 32 NY2d 473, 476 [1973];
People v Cordero, 306 AD2d 9, 10 [2003]). 
In any event, were we to find that any of the court's rulings challenged on appeal were
erroneous, we would find the error to be harmless in view of the overwhelming evidence of
defendant's guilt on the criminal charges (see generally People v Crimmins, 36 NY2d 230
[1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 2, 2020