People v McBride (2022 NY Slip Op 07034)

People v McBride

2022 NY Slip Op 07034

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Ind. No. 4024/17 Appeal No. 16870 Case No. 2020-01597 

[*1]The People of the State of New York, Respondent,
v
David McBride, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 22, 2020, convicting defendant, after a jury trial, of assault in the first degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 20 years to life, unanimously modified, on the law, to the extent of reducing the convictions to attempted assault in the first degree and remanding for resentencing, and otherwise affirmed.
Defendant's convictions were not supported by legally sufficient evidence because the People failed to prove that the victim suffered serious and permanent disfigurement, which was the basis of both counts (see Penal Law §§ 120.10[1], [2]). The People relied solely on two photos of the victim depicting a scar on his cheek, and the scar was briefly described by the doctor who treated the victim on the day of the slashing. Despite the scar's prominent location, neither the photos nor the doctor's testimony warrant an inference that the scar rendered the victim's appearance "distressing or objectionable" to a reasonable observer (see People v McKinnon, 15 NY3d 311, 315 [2010]). The victim did not testify, so the jury had no opportunity to observe the actual scar and evaluate whether it was seriously disfiguring, nor was any other evidence adduced regarding the scar's effects on the victim's appearance, health, and life (compare e.g. People v Villalona, 145 AD3d 625, 625 [1st Dept 2016], lv denied 29 NY3d 953 [2017]).
While we conclude that the convictions of assault in the first degree cannot stand, we remain authorized to modify the judgment (see CPL 470.15 [2] [a]) upon our conclusion that, after viewing the evidence in a light most favorable to the People, it was sufficient to establish the lesser included offense of attempted assault in the first degree (see CPL 1.20[37]; Penal Law § 110.00). The verdict was not against the weight of the evidence with respect to the proof of defendant's intent to cause serious injury (see People v Lamont, 25 NY3d 315, 319 [2015]). Surveillance video footage and medical evidence established that defendant slashed the victim in the face with a sharp object, which is the sort of attack that is likely to result in serious physical injury and permanent disfigurement (see e.g. People v Jones, 110 AD3d 493 [1st Dept 2013], lv denied 24 NY3d 962 [2014]; People v Walker, 30 AD3d 215 [1st Dept 2006]). There is no basis for disturbing the jury's determinations concerning the credibility and reliability of the witnesses and evidence with respect to this element.
Defendant's challenge to the court's jury charge is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court's charge as a whole conveyed the appropriate principles (see People v Cubino, 88 NY2d 998, 1000 [1996]; see also People v Radcliffe, 232 NY 249, 254 [1921]; People v Reinoso, 257 AD2d 484, 485 [1st Dept 1999], lv denied 93 NY2d 901 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022