People v Sozio (2026 NY Slip Op 01611)

People v Sozio

2026 NY Slip Op 01611

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Ind No. 70510/23|Appeal No. 6163|Case No. 2024-04374|

[*1]The People of the State of New York, Respondent,
vGino Sozio, Defendant-Appellant.

The Law Office of Eric Nelson, Staten Island (Eric Nelson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered June 11, 2024, convicting defendant, after a jury trial, of attempted assault in the first degree as a hate crime, assault in the second degree as a hate crime, and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 9 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Lamont, 25 NY3d 315, 318-319 [2015]; People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations. The totality of the evidence regarding events before, during, and after the crime, including witness testimony and video footage, amply supports the jury's conclusion that defendant committed the specified assault at least "in substantial part because of a belief or perception regarding the race, color, national origin, ancestry . . . [or] religion" of the victim (Penal Law § 485.05[1][b]). Defendant engaged in a verbal altercation with a group of young Muslim men waiting near a halal cart, telling them to "[g]o back to your country" and using racial slurs and anti-Muslim epithets (see People v Wallace, 113 AD3d 413, 414 [1st Dept 2014], affd 27 NY3d 1037 [2016]). After defendant slashed one of the young men with a knife, he continued using anti-Muslim and racist rhetoric, and he continued spouting racist invectives even after the police arrived and arrested him (see People v Morales, 225 AD3d 549, 550 [1st Dept 2024], lv denied 41 NY3d 1020 [2024], cert denied — US &mdash, 145 S Ct 1088 [2025]; People v Winston, 205 AD3d 32, 41 [1st Dept 2022], quoting People v Pirozzi, 237 AD2d 628, 630 [2d Dept 1997] ["[a]ny [religious practice-related] epithets are circumstantial evidence that a defendant's actions were motivated by [religious practice] prejudice"]).
The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, considered in the light most favorable to defendant, to support the charge (see Penal Law § 35.15; People v Brown, 33 NY3d 316, 320 [2019]). Even fully crediting defendant's testimony, it is undisputed that the victim was unarmed, defendant was the first person to use deadly physical force, and there were no physical barriers preventing defendant from retreating in complete safety (see Penal Law § 35.15[1][b], [2][a]; People v Francis, 15 AD3d 318 [1st Dept 2005], lv denied 4 NY3d 853 [2005]).
Defendant did not preserve his present challenge to the prosecutor's summation, and we decline to consider it in the interest of justice (see People v Romero, 7 NY3d 911, 912 [2006]). As an alternative holding, we find that the prosecutor's summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). In response to defense counsel's arguments that defendant was merely using "outrageous words" and people were now "getting in trouble for saying certain things," the prosecutor began his summation with general remarks about the changes to society and law that resulted in the passage of hate crime laws, and the prosecutor used direct quotations from defendant to urge the jury to conclude that defendant assaulted the victim based on his perception of the victim's race and religion (see People v Harkless, 238 AD3d 646, 647 [1st Dept 2025], lv denied 44 NY3d 1028 [2025]).
The court meaningfully responded to a jury note asking for "a definition of 'substantial' in regard to the hate crime charges" and observing that "substantial pain" had been defined as "more than a little" (see CPL 310.30; People v Malloy, 55 NY2d 296, 301 [1982], cert denied, 459 US 847 [1982]; see also People v Chiddick, 8 NY3d 445, 447 [2007]). The court properly considered dictionary definitions and the legislative findings and intent of the hate crime provisions, which note that perpetrators may have mixed motivations (see Penal Law § 485.00; see People v Rosario, 177 AD3d 417, 417-418 [1st Dept 2019], lv denied 34 NY3d 1162 [2020]; see also People v Cahill, 2 NY3d 14, 57 [2003] [first-degree murder provision "would have to be read too expansively to authorize a conviction when a defendant's motivation to eliminate a witness is insubstantial or incidental," but the Legislature cannot have "intended to exclude a defendant . . . merely because the defendant may have had other reasons or motives for the murder"]). Thus, the court's instruction defining "substantial" as "more than a little, or . . . more than slight or trivial" constituted a meaningful response to the jury's inquiry (see People v Almodovar, 62 NY2d 126, 131-132 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026