■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACQUON FASHAW, Appellant. [21 NYS3d 235]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 15, 2012, convicting defendant, after a jury trial, of assault in the first degree, two counts of robbery in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 18 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). We find no basis to disturb the jury's determinations concerning identification. The victim had a sufficient opportunity to observe defendant and made a reliable identification. The jury could also have reasonably concluded that the remaining evidence tended to corroborate rather than undermine the victim's testimony.

The court properly exercised its discretion in admitting certain entries from defendant's Facebook account, because the jury could have reasonably inferred that they made reference to this case, and that they tended to show a consciousness of guilt (*see generally People v Yazum*, 13 NY2d 302 [1963]). The court provided a thorough jury instruction on the proper weighing of such evidence. There was nothing in the content of these entries that was unduly prejudicial, and the probative value of this evidence outweighed any prejudicial effect.

Although the court found that there was a violation of *Payton v New York* (445 US 573 [1980]), the record supports the court's determination that defendant's oral and videotaped statements were attenuated from any illegality (*see Brown v Illinois*, 422 US 590, 602-604 [1975]; *People v Harris*, 77 NY2d 434 [1991]). There was an interval of several hours between defendant's arrest and the interrogation, which was conducted at the precinct after he had been given something to eat and drink and left alone for a time, and after *Miranda* warnings were given. The record also supports the court's finding that, although the police ultimately made an unlawful entry, there was no flagrant misconduct, because the detectives attempted a peaceful, consensual entry, for which a warrant is unnecessary, and events ensued that caused them to fear for their safety. Defendant's videotaped statement was even further attenuated, since it was made six hours later at a different location to a different interviewer. In any event, any error in the admission of this evidence was harmless.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.