THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMPSON, Appellant. [25 NYS3d 143]—

Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered July 11, 2013, convicting defendant, after a

jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life, unanimously modified, on the law, to the extent of reducing the mandatory surcharge to $250 and the crime victim assistance fee to $20, and otherwise affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]) with respect to the striking of two prospective jurors. The prosecutor provided race-neutral reasons for striking the first prospective juror for demeanor-based reasons and the second prospective juror based on her lack of employment and her demeanor. The court's finding that these reasons were not pretextual is supported by the record, and this determination is entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). To the extent the court's recollection of the voir dire colloquies may have been imprecise, any factual errors were not essential to the court's determinations. The record also fails to support defendant's claim of disparate treatment by the prosecutor of similarly situated panelists.

The court, which suppressed defendant's initial statements as the product of a custodial interrogation, properly admitted two subsequent statements made by defendant, after having been given *Miranda* warnings, as there was a definite, pronounced break of at least four hours in the interrogation, which attenuated any taint of the suppressed statements and returned defendant to the status of one who is not under the influence of questioning (*People v Chapple*, 38 NY2d 112, 115 [1975]; *People v Davis*, 106 AD3d 144, 152-156 [1st Dept 2013], *lv denied* 21 NY3d 1073 [2013]). Other factors supporting attenuation were that there were new interrogators, with the original interrogator being merely present without participating, that the initial statement was factually different from and less significant than the subsequent statements, and that the later interrogators did not refer to the content of the initial statement.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence, including the detailed observations of a disinterested eyewitness, refuted defendant's claim of self-defense.

We perceive no basis for reducing the sentence. Based on the People's concession, we reduce the surcharge and crime victim assistance fee to conform to the statute in effect at the time of the crime. Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.