People v Jimenez (2018 NY Slip Op 02018)





People v Jimenez


2018 NY Slip Op 02018


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6077 2206/13

[*1]The People of the State of New York, Respondent,
v
Malaquias Jimenez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), and White & Case LLP, New York (Martin Sawyer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R.C. Stephen, J. at suppression hearing; Patricia M. Nuñez, J. at jury trial and sentencing), rendered March 31, 2016, convicting defendant of robbery in the third degree and grand larceny in the fourth degree, and sentencing him to an aggregate term of 5 years' probation, unanimously affirmed.
Although the court suppressed defendant's initial statements as tainted by a warrantless arrest in violation of Payton v New York (445 US 573 [1981]), it properly found that defendant's subsequent video statement was attenuated from any illegality. The videotaped interrogation began about 3 hours and 45 minutes after the suppressed statements ended, and more than 15 hours after the arrest (see e.g. People v Divine, 21 AD3d 767, 767 [1st Dept 2015], affd 6 NY3d 790 [2006]; People v Santos, 3 AD3d 317, 317 [1st Dept 2004], lv denied 2 NY3d 746 [2004]). The Payton violation was not flagrant, and a false statement by the police to defendant about the strength of the case also did not constitute flagrant misconduct (see People v Johnson, 52 AD3d 1286, 1287 [4th Dept 2008], lv denied 11 NY3d 738 [2008]; People v Stokes, 233 AD2d 194, 194 [1st Dept 1996], lv denied 89 NY2d 1101 [1997]). Moreover, the videotaped statement was made at a different location to a different interrogator, who did not refer to the prior interrogations, and defendant's first interrogator was merely present at the video statement without participating (see People v Thompson, 136 AD3d 429 [1st Dept 2016], lv denied 27 NY3d 1075 [2016]; People v Chen Ren Jie, 280 AD2d 301 [1st Dept 2001], lv denied 96 NY2d 798 [2001]). Another intervening circumstance was that defendant was served a meal (see People v Fashaw, 134 AD3d 490, 491 [1st Dept 2015], lv denied 27 NY3d 1131 [2016]). Furthermore, the overall circumstances were not coercive.
After a jury note revealed that one juror had conducted online research on false confessions and shared it with the rest of the jury, the court providently exercised its discretion in denying defendant's request to discharge the offending juror and concomitantly declare a mistrial. Defendant did not preserve his contention that the court should have conducted one or more individual inquiries (see People v Parilla, 27 NY3d 400, 405 [2016]; People v Albert, 85 NY2d 851 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court took adequate curative measures by thoroughly admonishing the jury to disregard the information obtained by a juror, not to conduct any outside research, and to decide the case solely based on the evidence presented at trial (see People v Reader, 142 AD3d 1109 [2d Dept 2016], lv denied 28 NY3d 1149 [2017]). The jury presumably followed these instructions (see People v Davis, 58 NY2d 1102, 1104 [1983]). The court also granted defense counsel's request for individual polling of the jurors as to whether they had reached the verdict based only on the evidence and the law as instructed by the court, and not [*2]based on any outside influence, to which all jurors answered in the affirmative. Under the circumstances, the juror's misconduct in researching and telling the other jurors about false confessions did not prejudice defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK