People v Grant (2021 NY Slip Op 03922)





People v Grant


2021 NY Slip Op 03922


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Ind No. 3152/15 Appeal No. 14082 Case No. 2019-2530 

[*1]The People of the State of New York, Respondent,
v
Timothy G. Grant, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle I. Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J. at suppression hearing; Thomas Farber, J. at plea and sentencing), rendered February 13, 2019, convicting defendant of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 years, unanimously affirmed.
The hearing court properly determined that defendant's videotaped statement at the District Attorney's Office was sufficiently attenuated from a warrantless arrest made in violation of Payton v New York (445 US 573 [1980]). The totality of the relevant circumstances supports a finding of attenuation (see e.g. People v Chen Ren Jie, 280 AD2d 301 ]2001], lv denied 96 NY 798 [2001]). The videotaped statement to an assistant district attorney was made, after Miranda warnings and waivers, about 10 hours after the arrest. There was also a substantial break of more than four hours between an earlier statement to a detective, also made after separate Miranda warnings and waivers, which the court suppressed, and the videotaped statement, which was conducted by a different interrogator in a different location. While defendant's first interrogator was present during the subsequent interrogation, he did not participate (see People v Thompson, 136 AD3d 429 [1st Dept 2016], lv denied 27 NY3d 1075 [2016]). The record also supports the court's finding that the Payton violation was not flagrant and that there was no evidence of police misconduct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021