People v Macisaac (2023 NY Slip Op 01531)

People v Macisaac

2023 NY Slip Op 01531

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-03235
 (Ind. No. 80/18)

[*1]The People of the State of New York, respondent,
v
James Macisaac, appellant.

Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered February 21, 2019, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, the record supports the court's determination that the defendant was not arrested inside of his home. The evidence presented at the suppression hearing established that the defendant's warrantless arrest was effectuated after the defendant voluntarily crossed the threshold of his doorway into the apartment building's common entryway as he was being interviewed by a state trooper. Consequently, the court properly determined that the arrest of the defendant was not in violation of Payton v New York (445 US 573; see People v Garvin, 30 NY3d 174, 180; People v Sancho-Hernandez, 106 AD3d 841; cf. People v Riffas, 120 AD3d 1438). In addition, the state troopers had probable cause to arrest the defendant (see People v Sahadeo, 140 AD3d 1093, 1093; People v Read, 74 AD3d 1245, 1245). Moreover, the People met their burden of establishing beyond a reasonable doubt that the defendant's post-Miranda statements to law enforcement officials were voluntarily made after the defendant knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 438; People v Burgos, 198 AD3d 672, 673; People v Rivas, 175 AD2d 186, 187).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit (see People v Dyson, 221 AD2d 1004, 1004).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court