People v White (2024 NY Slip Op 04525)

People v White

2024 NY Slip Op 04525

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Ind. No. 498/18 Appeal No. 2596 Case No. 2020-02459 

[*1]The People of the State of New York, Respondent,
v
Eric White, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Alvin L. Bragg, District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Ericka Edwards, J., at suppression hearing; Althea Drysdale, J., at plea and sentencing), rendered October 7, 2019, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
The indictment was not jurisdictionally defective. "The incorporation by specific reference to the statute" of the charged crime "operates without more to constitute allegations of all the elements of the crime" (People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Ray, 71 NY2d 849, 850 [1988]; People v Parilla, 145 AD3d 629 [1st Dept 2016], lv denied 29 NY3d 951 [2017]). Here, the indictment identified the "specified offense" (Penal Law § 140.20) that defendant was alleged to have committed and mirrored the statutory language. There was no nonwaivable defect, and by his plea of guilty, defendant waived any nonjurisdictional claim that the indictment failed to include sufficient allegations to provide him with notice of the charges (see People v Iannone, 45 NY2d 589, 600-601 [1978]).
Defendant knowingly, intelligently, and voluntarily waived his right to appeal as a condition of his negotiated plea (see People v Thomas, 34 NY3d 545, 557-563 [2019], cert denied 589 US -, 140 S Ct 2634 [2020]). In its oral colloquy, the court explained that even though defendant was pleading guilty, he "would normally have the right to appeal" his conviction, but that he had been "offered a beneficial plea" that was conditioned on his "giving up [his] right to appeal." Even if there had been any ambiguity in the oral colloquy, defendant executed a detailed written waiver of his appellate rights (see People v Ramos, 7 NY3d 737, 738 [2006]).
Regardless of whether defendant validly waived his right to appeal, the suppression court providently denied suppression of his statements. Although the court found that there was a violation of Payton v New York (445 US 573 [1980]), the record supports the court's determination that defendant's videotaped statement was attenuated from any illegality (See People v Harris, 77 NY2d 434 [1991]). There was an interval of 4 hours and 45 minutes between defendant's arrest in the Bronx by an Amtrak investigator for burglaries in Penn Station and the interrogation by a prosecutor, which was conducted at the District Attorney's Office after Miranda warnings were given (see People v Fashaw, 134 AD3d 490, 491 [1st Dept 2015], lv denied 27 NY3d 1131 [2016]). During that time, defendant was separately arrested by an NYPD detective for a burglary that occurred in Grand Central Terminal on a different date, an intervening circumstance that supported a finding of attenuation (see People v Jones, 21 NY3d 449, 455-456 [2013]). Further, both arrests were supported by probable cause based on the viewing of surveillance footage of the Penn Station and Grand Central burglaries by the respective officers (see People v Clarkson, 292 AD2d 207[*2], 208 [1st Dept 2002]). The record also supports the court's finding that although the officer made an unlawful entry, there was no flagrant misconduct because the officer gave defendant time to wake up, get dressed, and put away his belongings, and did not conduct a search of his room for contraband or evidence (see People v Bradford, 15 NY3d 329, 333-334 [2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024