People v Sampson (2025 NY Slip Op 02999)

People v Sampson

2025 NY Slip Op 02999

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Ind No. 3551/13|Appeal No. 4371|Case No. 2019-04658|

[*1]The People of the State of New York, Respondent,
v
Sammy Sampson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katherine M. A. Pecore of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J., at suppression; Ruth Pickholz, J., at trial and sentencing), rendered June 5, 2019, convicting defendant of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and grand larceny in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). The People established, by clear and convincing evidence, that the police entered the apartment with the consent of defendant's mother, and that the circumstances were not unduly coercive (see People v Gonzalez, 39 NY2d 122, 128-131 [1976]). The police acted within what reasonably appeared to be the scope of the mother's consent (see People v Gomez, 5 NY3d 416, 419 [2005]) in following the mother to defendant's bedroom. The hearing evidence also established that defendant was not arrested in his home, but was taken into custody only after leaving the apartment, when outside on the sidewalk; thus, there was no Payton violation (Payton v New York, 445 US 573 [1980]). Alternatively, we find that even if there had been an unlawful warrantless arrest in defendant's home, the recovery of defendant's cell phone occurred at the precinct and was sufficiently attenuated from any Payton violation (see People v Jones, 21 NY3d 449, 455 [2013]). Further, while the police had probable cause to arrest defendant and a lawful purpose to seek him out, there is no category of Payton violations based on the subjective intent of the police (see People v Garvin, 30 NY3d 174, 187-188 [2017], cert denied 586 US 814 [2018]).
Although we conclude that there was no Payton violation, we also find that defendant's confession was attenuated from any such violation (see People v Harris, 77 NY2d 434, 437 [1991]). The gap of 9½ hours from defendant's initial apprehension at about 7:00 a.m. and the start of the interview at about 4:30 p.m., and the fact that the interview was conducted at the precinct by detectives that had not been involved in apprehending him, supported a finding of attenuation (see People v Grant, 195 AD3d 529 [1st Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Fashaw, 134 AD3d 490, 491 [1st Dept 2015], lv denied 27 NY3d 1131 [2016]).
It was error for the court not to have precluded, on the ground of lack of CPL 710.30(1)(a) notice, defendant's statement, "That's me," when shown a still photograph from the surveillance footage, since the "sum and substance" (People v Lopez, 84 NY2d 425, 428 [1994]) of that statement was not provided by the noticed statements. The noticed statement, "I'd rather not sign the photos," did not indicate that it was a photograph of defendant that he did not want to sign. Nevertheless, the error in admitting [*2]the statement was harmless, and there was no significant probability that the jury would have acquitted defendant but for the error (see People v Crimmins, 36 NY2d 230 [1975]).
The court correctly determined that the People met their burden of proving, beyond a reasonable doubt (see People v Macisaac, 214 AD3d 902 [2d Dept 2023]), that defendant's statements to the police, made after receiving and waiving Miranda warnings, were voluntary under the totality of circumstances (see generally Arizona v Fulminate, 499 US 279, 285-288 [1991]). That the detective mistakenly used a Miranda form that had the name and information of another individual, who knew defendant and had implicated him in the robbery, on the top of the form, did not affect the voluntariness of the Miranda waiver, where there was no evidence that either the detective or defendant noticed that information.
The court providently exercised its discretion in declining to reopen the suppression hearing (see CPL 710.40[4]; People v Clark, 88 NY2d 552, 555-556 [1996]). Defendant failed to make a showing of "additional pertinent facts" that would have materially affected the suppression ruling (see People v Bazemore, 147 AD3d 698, 698-699 [1st Dept 2017], lv denied 29 NY3d 1076 [2017]).
Defendant's challenges to the denial of his motion to controvert the search warrant are unpreserved (see People v Alaya, 225 AD3d 573, 374 [1st Dept 2024], lv denied 42 NY3d 925 [2024]; People v Diallo, 217 AD3d 459, 460 [1st Dept 2023], lv denied 40 NY3d 950 [2023]). Defendant claims that he should be excused from preservation because he lacked access to the warrant materials when he made his first two motions to controvert. However, counsel received the warrant materials before the suppression hearing began, at which point she requested and was allowed to renew the motion to controvert. Despite that opportunity, counsel never raised the claims now raised on appeal (see Ayala, 225 AD3d at 574). As an alternative holding, we find that the warrant was properly issued (see CPL 690.35[4][b]).
The court providently denied defendant's motion to suppress historical cell site location information for his cell phone. The People obtained these records by court order under 18 USC § 2703(d), and upon reviewing defendant's motion, the court made a finding of probable cause. Thus, we conclude that the order was effectively a warrant (see People v Moalawi, 195 AD3d 523 [1st Dept 2021], lv denied 37 NY3d 994 [2021]; People v Sorrentino, 93 AD3d 450, 451 [1st Dept 2012], lv denied 19 NY3d 977 [2012]), satisfying the standard set forth in Carpenter v United States (585 US 296 [2018]).
We perceive no basis for reducing the sentence or for imposing it to run concurrently with a prior undischarged sentence on an unrelated crime.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025